**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| A. SCHULMAN, INC., ) | |
| ) | |
| Plaintiff, ) | Case No. 1:15-cv-01760-PAG |
| ) | |
| v. ) | Judge Patricia A. Gaughan |
| ) | |
| POLYONE CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |
| ) | |

**MEMORANDUM SUPPORTING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S INFRINGEMENT CONTENTIONS AND EXTENSION OF TIME TO SERVE ITS NON-INFRINGEMENT CONTENTIONS**

**TABLE OF CONTENTS**

I. Introduction ................................................................................................................. 1

II. Plaintiff Did Not Test or Analyze Any of the Accused Products and Improperly Relies on a Guilt-By-Association Infringement Theory ................................................................. 3

    A. Plaintiff's Infringement Contentions Do Not Analyze the Accused Products As Required By the Local Rules ................................................................................. 4

    B. The Accused Products Must be Analyzed Separately from the Non-Accused Spartech Product ................................................................................................... 6

III. Plaintiff's Infringement Analysis for the Non-accused Product Are Based on Speculation and Guesswork ........................................................................................................... 8

    A. The Plaintiff Fails to Provide Test Results or Indicate the Specific Tests That Were Performed ................................................................................................... 8

        1. The Infringement Contentions for the "DOI" Limitation Do Not Provide a Numerical Value or Identify the Test Protocol .......................................... 8

        2. The Infringement Contention for the Gravelometer Impact Test Fails to Provide the Test Results ............................................................................. 10

    B. Plaintiff Fails to Analyze the Random Microstructure Claim Limitation ............ 10

    C. Plaintiff's Infringement Contentions Are Vague, Conclusory and Improperly Parrot the Language of the Claims ........................................................................ 11

    D. Plaintiff Does Not Know Whether It is Analyzing the Non-Accused Spartech Product ................................................................................................................ 13

IV. Conclusion ............................................................................................................... 14

**TABLE OF AUTHORITIES**

**Cases**

*A.R. Arena Products, Inc. v. Grayling Indus., Inc.*,
    No. 5:11-CV-1911, 2012 WL 2953214 (N.D. Ohio Apr. 30, 2012) .......................... 11, 12

*Bender v. Micrel Inc.*,
    No. C 09-01144, 2010 WL 520513 (N.D. Cal. Feb. 6, 2010) .......................................... 12

*Connectel, LLC v. Cisco Sys., Inc.*,
    391 F. Supp. 2d 526 (E.D. Tex. 2005) ................................................................................ 3

*CSR Tech. Inc. v. Freescale Semiconductor, Inc.*,
    No. C–12–02619, 2013 WL 503077 (N.D. Cal. Feb. 8, 2013) ......................................... 14

*Dow Chem. Co. v. Nova Chemicals Corp. (Canada)*,
    No. 2014-1431, 2015 WL 5060947 (Fed. Cir. Aug. 28, 2015) .......................................... 9

*Integrated Circuit Sys. Inc. v. Realtek Semiconductor Co.*,
    308 F. Supp. 2d 1106 (N.D. Cal. 2004) .............................................................................. 2

*Network Caching Technology LLC v. Novell Inc.*,
    C-01-2079, 2002 WL 32126128 (N.D. Cal. Aug. 13, 2002) ............................................ 12

*Orion IP, LLC v. Staples, Inc.*,
    407 F. Supp. 2d 815 (E.D. Tex. 2006) ................................................................................ 3

*Shared Memory Graphics LLC v. Apple, Inc.*,
    812 F.Supp.2d 1022 (N.D. Cal. 2010) .............................................................................. 13

*Solannex, Inc. v. MiaSole, Inc.*,
    No. 11-CV-00171, 2013 WL 1701062 (N.D. Cal. Apr. 18, 2013) ................................... 13

*STMicroelectronics, Inc. v. Motorola, Inc.*,
    308 F.Supp.2d 754 (E.D.Tex.2004) .................................................................................... 3

*Tech. Properties Ltd. LLC v. Samsung Electronics Co.*,
    No. 3:12-CV-03877, 2015 WL 4240986 (N.D. Cal. July 11, 2015) ...................... 6, 13, 14

*Theranos, Inc. v. Fuisz Pharma LLC*,
    No. 11-CV-05236, 2012 WL 6000798 (N.D. Cal. Nov. 30, 2012) ....................... 5, 11, 14

*Vanmoor v. Wal-Mart Stores, Inc.*,
    201 F.3d 1363 (Fed. Cir. 2000) .......................................................................................... 6

*Voxpath RS, LLC v. LG Electronics U.S.A., Inc.*,
 No. 2:12-CV-952, 2012 WL 5818143 (D.N.J. Nov. 14, 2012) ...................................... 4, 5

**Rules**

L.P.R. 3.1 ................................................................................................................................. 2

L.P.R. 3.3 ................................................................................................................................. 2

I.  **Introduction**

The Plaintiff A. Schulman, Inc. ("Plaintiff") has the burden of proof to show patent infringement of the accused products. In this case, however, Plaintiff has already admitted it has not reviewed the accused products, much less analyzed them, to determine if and how they infringe. Plaintiff's infringement contentions[1] only provide long wordy conclusions that give no guidance on how Defendant PolyOne Corporation ("PolyOne") is to respond. For these reasons, Plaintiff needs to be sent back and directed to provide real infringement contentions. After that is done, PolyOne requests 30 days to provide a meaningful response.

Plaintiff admits that it did not test the accused products for infringement and admits that it does not know if infringement is even present. In a draft report for the Court, Plaintiff states:

> "If the LPR 3.4 materials show that the accused products are covered by the claims, the case will continue, If LPR 3.4 materials indisputably demonstrated no infringement then Plaintiff would dismiss the case." (Michalek Decl., ¶3, Ex. B, p. 2).

Instead of conducting a reasonable investigation as to the accused products before filing suit, Plaintiff's infringement contentions show that Plaintiff analyzed a <u>non-accused product</u> and then rests its entire theory of infringement on the blind assumption that the non-accused product is the same as the accused products. This alone warrants striking Plaintiff's infringement contentions.

Regardless of Plaintiff's strained assumption, its "analysis" of the non-accused product amounts to little more than a reciting back of the claim limitations and is deficiently littered with speculation such as:

> "[t]his conclusion is likely to be confirmed;"

---

[1] Plaintiff's infringement contentions are attached as Exhibit A to the Declaration of Brian R. Michalek filed simultaneously with and in support of this Motion.

"[b]ased on ASI's testing of products believed to be Spartech TPO products;"

"there is likely to be evidence;"

"[b]ased on Spartech's misuse;" and

"tested a product believed to be Spartech's TPO product."

(Michalek Decl., ¶2, Ex. A, passim).

The Complaint does not fill in any of the infringement holes but only adds to them with the same equivocating language identified above. (Michalek Decl., ¶2, Ex. A, p. 5) ("…there is likely to be evidence that PolyOne has been making, using, offering for sale and selling…"). Thus, the complaint fails to meet the much repudiated Form 18 for patent pleadings, much less the requirements of *Twombly* and *Iqbal*.

This practice falls far below the standard required by the Local Patent Rules, which is to "ensure that litigants put all their cards on the table up front." *See Integrated Circuit Sys. Inc. v. Realtek Semiconductor Co.,* 308 F. Supp. 2d 1106, 1107 (N.D. Cal. 2004). Plaintiff's failure to conduct a reasonable investigation and provide an infringement analysis has prejudiced PolyOne because it provided no guidance as to how to conduct its non-infringement investigation and defend this lawsuit. Put simply, PolyOne does not know what tests to duplicate.

Accordingly, PolyOne hereby moves to strike the infringement contentions served by Plaintiff as insufficient under L.P.R. 3.1. In the alternative, and to the extent the Court permits Plaintiff to serve supplemental infringement contentions, PolyOne requests an order compelling amended contentions that comport with L.P.R. 3.1 and that PolyOne be provided an extension to serve its initial non-infringement contentions pursuant to L.P.R. 3.3 no less than 30 days after Plaintiff's supplement.

**II.     Plaintiff Did Not Test or Analyze Any of the Accused Products and Improperly Relies on a Guilt-By-Association Infringement Theory**

At a conference in Chicago last week, Plaintiff's lead counsel, Eric Cohen, spoke about the importance of a pre-filing patent inquiry and the sanctions that can result if a proper one is not made.  Mr. Cohen's conference materials properly state:

> "For patent infringement cases, a reasonable pre-suit investigation 'requires counsel to perform an objective evaluation of the claim terms when reading those terms on the accused device'…First, it is essential to conduct the pre-filing investigation required under Rule 11… Courts have awarded fees where the plaintiff's infringement position or claim construction position was frivolous."
> (Michalek Decl., ¶4, Ex. C).

The Local Patent Rules also "demonstrate high expectations as to plaintiffs' preparedness before bringing suit, requiring plaintiffs to disclose their preliminary infringement contentions before discovery has even begun." *Connectel, LLC v. Cisco Sys., Inc.*, 391 F. Supp. 2d 526, 527 (E.D. Tex. 2005) (internal citations omitted); *See also STMicroelectronics, Inc. v. Motorola, Inc.,* 308 F.Supp.2d 754, 755 (E.D.Tex.2004).  Prior to bringing suit, plaintiffs "are expected to rigorously analyze all publicly available information, and early in the case plaintiffs must explain their infringement theories in detail." *Orion IP, LLC v. Staples, Inc.*, 407 F. Supp. 2d 815, 817 (E.D. Tex. 2006).  In this case, publically available information shows that several of the accused products were available and sold long before the May 5, 2008 priority date for U.S. Patent Nos. 8,007,902 and 8,182,906 ("the asserted patents").  For example, an article entitled "Sheet Extrusion Competition Ups the Ante on Technological Sophistication," published in February 1999, describes the Accused Product—"Formalloy HG."  (Michalek Decl., ¶6, Ex. F, p. 42).  Plaintiff ignores its obligations and in doing so serves infringement contentions that fall far short of the rigorous analysis that the Local Patent Rules require.

In its infringement contentions, Plaintiff represented that it analyzed a non-accused product—the so-called Spartech TPO product, but then admits that it is not sure whether it is, in fact, a Spartech TPO product.  (Michalek Decl., Ex. A, p. 1) ("ASI tested a product **believed** to be Spartech's TPO product…") (emphasis added).  Leading to more confusion, Plaintiff did not test any of the Accused Products: PolyOne's Extreme HG, Formalloy E3400, Formalloy FG30 and Formalloy HG sheets ("the Accused Products").  Plaintiff's entire infringement theory, as evidenced in its infringement contentions, is based on "guilt-by-association."  It carelessly assumes that the non-accused alleged Spartech product was manufactured and functions the same as each of the separate Accused Products.  Plaintiff's toss-of-the-dice approach abdicates its duty under the Local Patent Rules while improperly shifting the burden to PolyOne to demonstrate its non-infringement.

### A. Plaintiff's Infringement Contentions Do Not Analyze the Accused Products As Required By the Local Rules

Plaintiff's infringement contentions must analyze the Accused Products.  *See Voxpath RS, LLC v. LG Electronics U.S.A., Inc.*, No. 12-CV-952, 2012 WL 5818143, at *8 (D.N.J. Nov. 14, 2012) ("…with respect to those accused products for which infringement charts were not offered, this Court finds that VoxPath's infringement contentions against the uncharted products shall be struck.").  The *Voxpath* case is illustrative.  In that case, the plaintiff served infringement contentions for some products and not others.  *Id* at *6.  In particular, plaintiff accused defendant, Sony Corporation, of selling 97 infringing DVD, Blu-Ray and Play Station devices but only provided analyzed 19 of the accused products in its infringement contentions.  In that same case, plaintiff also accused defendant, Samsung, of selling 48 infringing products but only analyzed 3 of them in its infringement contentions.  Accordingly, the *Voxpath* Court struck plaintiff's infringement contentions that did not include a proper analysis.  *Voxpath RS, LLC,*

4

2012 WL 5818143, at *8. Plaintiff's behavior in this case is worse. It failed to offer infringement analysis for **any** of the Accused Products, (Michalek Decl., ¶2, Ex. A) which is fatal as a matter of law. *Id*.

In a proper patent case, the plaintiff brings a complaint demonstrating patent infringement and then the defendant responds to argue non-infringement. Plaintiff wants to reverse the order. It hastily brought this patent infringement complaint without reviewing the Accused Products in a rush to file before an upcoming trade show. Plaintiff now asks PolyOne to do the analysis and to provide evidence that the Accused Products do not infringe. (Michalek Decl., ¶3, Ex. B). In effect, Plaintiff wants to flip the infringement burden onto PolyOne. This backwards practice cannot be condoned. *See Theranos, Inc. v. Fuisz Pharma LLC*, No. 11-CV-05236, 2012 WL 6000798, at *6 (N.D. Cal. Nov. 30, 2012) (internal citations omitted) ("By arguing that Theranos' information is not publicly-available and by offering to amend the Contentions only after discovery has occurred, Fuisz is attempting to ignore their obligations and shift the burden to Theranos. Such tactic is improper.").

Even more prejudicial is that Plaintiff has not provided PolyOne with the non-accused Spartech product that it supposedly analyzed, preventing PolyOne from conducting its non-infringement analysis. In other words, PolyOne cannot match Plaintiff's claimed "analysis" of a PolyOne product to a product sold by PolyOne – a case of mistaken identity.

"Considering that the whole point of the Local Rule is to give notice to accused infringers of where within their instrumentalities they allegedly infringe…" Plaintiff's failure to provide chart claims to Accused Products defeats this entire purpose. *See Tech. Properties Ltd. LLC v. Samsung Electronics Co.*, No. 12-CV-03877, 2015 WL 4240986, at *4 (N.D. Cal. July 11,

2015).  Accordingly, the Court should require Plaintiff's to file proper infringement contentions that comply with the Local Patent Rules.

### B. The Accused Products Must be Analyzed Separately from the Non-Accused Spartech Product

Plaintiff fails to demonstrate that the four Accused Products—PolyOne's Extreme HG, Formalloy E3400, Formalloy FG30 and Formalloy HG sheets—are the same as the non-accused Spartech product.  Plaintiff's "guilt-by-association" theory, grounded in PolyOne's acquisition of Spartech, hinges on a guess that the non-accused Spartech product is a stand-in for the Accused Products in that they were developed, manufactured and function the same.  This approach rings hollow.

Long before this suit was filed, PolyOne raised serious questions as to whether Plaintiff was even testing the right product.  Plaintiff claimed it was testing a three layer product for infringement purposes, yet PolyOne does not currently make a product with three polyolefin layers.  PolyOne even informed Plaintiff of as much telling them that "the test results provided by Schulman… do not comport with DSS's Extreme HG product line, if for no other reason than that… Extreme HG product line currently only has two layers."  (Michalek Decl., ¶5, Ex. D, p. 1).  Plaintiff did not respond.  This clearly puts Plaintiff on notice that it may be barking up the wrong tree.

There is a reason that Plaintiff wants to remain willfully ignorant of whether its patent claims cover the Accused products.  The most important case for the court to read is *Vanmoor v. Wal-Mart Stores, Inc.*, 201 F.3d 1363 (Fed. Cir. 2000).  In that case, the Federal Circuit held that if a Plaintiff accuses a product of being an infringement, i.e., that the patent claims read on the product, and it turns out that the product is prior art, the patent is invalid. *Id*. at 1366.  There is no need to even have a claim construction.  Case over.

6

As can be seen in Exhibit E, PolyOne specifically put Plaintiff on notice that at least one of the Accused Products was on sale more than a year before Plaintiff filed any patent application.  In a March 3, 2014 letter to Plaintiff, PolyOne explained that:

> The **Extreme HG** product has been manufactured and sold to customers for commercial applications since at least August 2006.
> …
> The timing of sales of the **Extreme HG** product occurring around August 2006 is nearly two years earlier than the May 5, 2008 priority date of the '902 and '906 patents.  Additionally, it is more than three years before the Spartech visit to Schulman facilities around November 2009.

(Michalek Decl., ¶6, Ex. E, pp. 1-2) (emphasis added).

This is further supported by the publically available article entitled "Sheet Extrusion Competition Ups the Ante on Technological Sophistication" that was published in February 1999 and discusses one of the Accused Products:

> "Another innovation is Spartech's new **Formalloy HG**…only high-gloss TPO sheet on the market.  It consists of a 0.125-0.300 in. substrate of colored TPO capped with 0.020-0.030 in. of clear, glossy PP."  (Michalek Decl., Ex. F, p. 42).

If this is accepted as true, it makes the Accused Products prior art, through what is called an on-sale bar, under 35 U.S.C. §102(b).  In turn, the patents are rendered invalid.  So Plaintiff hedges its bet in its allegations and hides behind the so-called alleged Spartech product in lieu of analyzing the actual Accused Products.  When the prior sale of that Accused Product is proven, Plaintiff will likely give the Saturday Night response of "never mind" and say that because it equivocated about that product, the patent is still valid and it can continue to chase the other products.

Plaintiff's failure to test the Accused Products while remaining willfully blind to the prior sales of the Accused Products renders all of Plaintiff's vague infringement contentions deficient.

7

**III.     Plaintiff's Infringement Analysis for the Non-accused Product Are Based on Speculation and Guesswork**

Plaintiff never properly tested the non-accused Spartech product.  Instead, its analysis amounts to guesswork stating things like "[t]his conclusion is likely to be confirmed," "[b]ased on ASI's testing of products believed to be Spartech TPO products," "there is likely to be evidence," "[b]ased on Spartech's misuse," "tested a product believed to be Spartech's TPO product."  (Michalek Decl., ¶2, Ex. A, passim).  Even if Plaintiff had analyzed the correct products, its infringement contentions still fall flat for forgoing a rigorous analysis and instead relying on speculation.  Other times, Plaintiff fails to provide any analysis and instead merely parrots the language of the claimed limitation back in its infringement contentions.  Even worse, at times, Plaintiff wholesale forgets to demonstrate the non-accused product meets the claim limitations.

    **A.     The Plaintiff Fails to Provide Test Results or Indicate the Specific Tests That Were Performed**

The claims of the asserted patents include limitations that require testing of numerical ranges and recitation of numerical values.  Plaintiff's infringement contentions for these numerical limitations provide no such analysis.

        **1.     The Infringement Contentions for the "DOI" Limitation Do Not Provide a Numerical Value or Identify the Test Protocol**

All of the claims of the asserted patents include limitations that require the product to have "a DOI of 70 or greater."  The asserted patents explain that the DOI is a "distinction of image" which relates to "optical qualities."  Plaintiff's infringement contentions, however, provide no guidance other than reciting back the claim language.  No information is given how the measurement (if there was even a measurement) was made and what number was obtained.  Was it always over 70?  Was it 65 meaning this is a doctrine of equivalents case?  This is also

important since some of the dependent claims require different DOI values—such as claim 10 of the '902 patent that recites a "DOI of 85 or greater."  PolyOne does not know and has no way to respond.

Plaintiff gives no information about what test it used to make its DOI determination.  The patent gives no guidance on what measurement standard to use.  This is important because there are many ways to measure DOI and they give different results.  This is akin to saying: "the value exceeds three when using a measuring stick."  Three what?  Meters or feet?  This lack of information about how to test and how the test was done means the patent is invalid.  Recently, the Federal Circuit in *Dow Chem. Co. v. Nova Chemicals Corp. (Canada)*, No. 2014-1431, 2015 WL 5060947, at *8-*9 (Fed. Cir. Aug. 28, 2015) has held when multiple methods are available to make measurements, and where the patent fails to identify the appropriate method to use, the patent is invalid as indefinite under 35 U.S.C. §112.

Plaintiff's infringement contentions of the DOI limitation of claim 1 of the '902 patent illustrate this deficiency:

| Claim of U.S. Pat. No. 8,007,902 | ASI's Infringement Contention re Extreme HG |
|---|---|
| [1.H] the structure has a DOI of 70 or greater; | Based on ASI's testing of products believed to be Spartech TPO products, **ASI concluded that the Spartech TPO product had a DOI of 70 or greater.**  This conclusion is likely to be confirmed for Extreme HG after a reasonable opportunity for testing a sample of Extreme HG, and for reviewing documents to be produced by PolyOne evidencing the types of Extreme HG products Spartech and PolyOne have sold, and documents showing the methods of making products. |

(Michalek Decl., ¶2, Ex. A, p.4) (emphasis added)

Plaintiff's "analysis" is, in fact, no analysis. Without having the numerical test results, or even knowing what test procedure Plaintiff conducted, PolyOne is unable to properly conduct its own analysis of this limitation in preparing its defense and non-infringement positions.

### 2. The Infringement Contention for the Gravelometer Impact Test Fails to Provide the Test Results

All of the claims of the asserted patents also include the limitation that the product:

*passes a gravelometer impact test per the GM9508P standard, with a 10 pt load, at a -30° C, temperature, and at an angle of 30 degrees.*

Plaintiff's infringement contention only parrot back the claim language and states:

[b]ased on ASI's testing of products believed to be the Spartech TPO products, ASI concluded that the tested products *passed a gravelometer impact test per the GM9508P standard, with a 10 pt load, at a -30° C. temperature, and at an angle of 30°.* (Michalek Decl., ¶2, Ex. A, p. 4) (emphasis added).

Again, Plaintiff's response provides no identification of the gravelometer impact test results or the value of the "impact test" that caused it to pass. Again, this perfunctory response prejudices PolyOne from analyzing and preparing its non-infringement contentions and defense.

### B. Plaintiff Fails to Analyze the Random Microstructure Claim Limitation

Not only did the Plaintiff test the wrong product, but they failed to test for certain required limitations in that wrong product—most notably the "random microstructure" claim limitation. The asserted claims of the '902 patent require "a random microstructure." Plaintiff again relies on its guilt-by-association theory but this time does not even bother to posture and recite the claim language back. Instead, it ignores the claim limitation altogether. Plaintiff tries to gloss over the fact that it did not test for the "random microstructure" by stating:

**Based on Spartech's misuse** of ASI's then-confidential information of ASI's patent process to build Spartech's Extreme HG production line, and after a reasonable opportunity for resting a sample of Extreme HG, and for reviewing documents to be produced by PolyOne evidencing the types of Extreme HG products Spartech and PolyOne have sold, and documents showing the methods of making such products, **there**

10

**is likely to be evidence that the backing layer of Extreme HG has a random microstructure.** (Michalek Decl., ¶2, Ex. A, p. 3) (emphasis added).

All Plaintiff can muster is that "there is likely to be evidence… [of] a random microstructure" in the Accused Product, but it forgets to even provide any facts or analysis that the non-accused product has a "random microstructure" thereby completely missing this limitation.  This is particularly troubling given that PolyOne notified Plaintiff that it had been making and selling its Extreme HG product well before the alleged "Spartech visit to Schulman facilities around November 2009" (Michalek Decl., ¶6, Ex. E) where Plaintiff pleads Spartech "obtained then-confidential information" to make its products.  (See Doc. 1, ¶9).

Again, Plaintiff's burden-shifting approach for PolyOne to disprove the existence of a "random microstructure" in the Accused Products when Plaintiff cannot even determine that one exists in the non-accused product is clearly prejudicial.  *See Theranos, Inc.,* 2012 WL 6000798, at *6.  This is detrimental considering that neither the Plaintiff nor the asserted patents provide any guidance as to what a "random microstructure" even means.  Accordingly, Plaintiff's contentions must be struck.

    **C.**    **Plaintiff's Infringement Contentions Are Vague, Conclusory and Improperly Parrot the Language of the Claims**

The analysis in Plaintiff's infringement contentions is little more than recitation back of the claim limitations.  As the Northern District of Ohio noted in applying its Local Patent Rules: "the specificity of initial Contentions must go 'beyond that which is provided by the mere language of the patents themselves.'"  *A.R. Arena Products, Inc. v. Grayling Indus., Inc.*, No. 11-CV-1911, 2012 WL 2953214, at *1 (N.D. Ohio Apr. 30, 2012) *report and recommendation adopted in part, rejected in part*, No. 11-CV-01911, 2012 WL 2953193 (N.D. Ohio July 19, 2012) (internal citations omitted).

"Thus, a defendant who contends the Accused Instrumentality does not infringe the plaintiff's patent must do more than simply 'recite back the portion of the claim that the [Accused Instrumentality] does not do.'" *A.R. Arena Products, Inc.*, 2012 WL 2953214, at *2 (discussing the specificity required for non-infringement contentions) (internal citations omitted).

Courts with local patent rules have condemned this practice of merely reciting back the claim language in infringement contentions. *See Bender v. Micrel Inc.*, No. C-09-01144, 2010 WL 520513, at *2 (N.D. Cal. Feb. 6, 2010) ("This phrase is copied and pasted repeatedly, without variation, for each element of the patent. Plaintiff has made no attempt to identify the precise location within defendant's product where the infringing component is located."); *See Network Caching Technology LLC v. Novell Inc.*, C-01-2079, 2002 WL 32126128, at *5–6 (N.D. Cal. Aug. 13, 2002) (requiring further detail where infringement contentions were "replete with vague discussions of claim terms" and merely "mimic[ked] the language of the claim").

Yet, this is exactly what the Plaintiff tries to get away with. For nearly every infringement contention, Plaintiff baldly recites back the claim limitations. Plaintiff's infringement contention from the limitation of claim 1 of the '902 patent is illustrative:

| [1.F] the colored and backing layers are coextruded and are permanently bonded at a layer interface; | Based on ASI's testing of the products believed to be Spartech TPO products, ASI concluded that **the colored and backing layers are coextruded and permanently bonded at a layer interface.** This conclusion is likely to be confirmed after a reasonable opportunity for testing a sample of Extreme HG, and for reviewing documents to be produced by PolyOne evidencing the types of Extreme HG products Spartech and PolyOne have sold, and documents showing the methods of making such products. |

(Michalek Decl., ¶2, Ex. A, p. 3) (emphasis added).

12

Plaintiff does not provide any information of how it determined that the backing layers are "coextruded" (a process limitation) or in what way or how they were "permanently bonded at a layer interface." In nearly every instance, Plaintiff's infringement contentions merely parrot the claim language. Such "vague and conclusory contentions are inadequate." *Theranos, Inc.*, 2012 WL 6000798, at *4 (citing *Shared Memory Graphics LLC v. Apple, Inc.,* 812 F.Supp.2d 1022, 1026 (N.D. Cal. 2010) ("'vague contentions and conclusory statements' which invite defendants and the court to assume that a limitation exists fall short of providing a 'meaningful description of its theories' under Patent L.R. 3–1)"); Accordingly, Plaintiff's infringement contentions should be struck.

    **D.    Plaintiff Does Not Know Whether It is Analyzing the Non-Accused Spartech Product**

The final fatal straw in Plaintiff's copy-and-paste infringement contentions is its vague and conclusory responses which draw serious questions as to whether Plaintiff conducted any testing or analysis at all. For example, Plaintiff admits, at times, to **not knowing** what product it is analyzing. Plaintiff's infringement contentions state that it "tested a product **believed** to be Spartech's TPO product." (Michalek Decl., ¶2, Ex. A, p. 1) (emphasis added)). Plaintiff must have more than just a "belief" under the Local Patent Rules as a belief has no legal significance. "A plaintiff cannot satisfy its Rule 3–1 obligations with 'nothing more than a conclusion based 'on information and belief' that something exists or occurs.'" *Tech. Properties Ltd. LLC*, 2015 WL 4240986, at *1; *See also Solannex, Inc. v. MiaSole, Inc.*, No. 11-CV-00171, 2013 WL 1701062, at *3 (N.D. Cal. Apr. 18, 2013) ("simply alleging 'on information and belief' and representing 'vague, conclusory, and confusing statements' does not satisfy the requirement that the identifications be 'as specific as possible.'").

13

Such unsupported allegations, based on belief alone, do not comply with Patent Local Rule 3-1.  *Theranos, Inc.*, 2012 WL 6000798, at *3; *CSR Tech. Inc. v. Freescale Semiconductor, Inc.,* No. C–12–02619, 2013 WL 503077, at *4-*5 (N.D. Cal. Feb. 8, 2013); *Tech. Properties Ltd. LLC,* 2015 WL 4240986, at *6 (internal citations omitted) ("But reliance on 'information and belief,' Wikipedia, legal conclusions and cursory analysis rather than evidence to establish specific claim limitations and representativeness does not comport with Patent L.R. 3–1.").

Accordingly, Plaintiff's infringement contentions fail to meet the necessary requirements and must be struck.

## IV. Conclusion

Plaintiff filed this lawsuit quickly so it could make its case at an upcoming trade show that began the date it rushed to file the Complaint.  In its haste, it sacrificed accuracy for speed, and failed to conduct any reasonable investigation.  As a result, it filed over 100 pages of infringement contentions "full of sound and fury, signifying nothing."

PolyOne respectfully requests that this Court strike Plaintiff's infringement contentions and grant a 30 day extension of time from Plaintiff's supplementation of its infringement contentions for PolyOne to serve its initial non-infringement contentions.

Respectfully submitted,

Date: October 7, 2015

/s/ Arne M. Olson
Arne M. Olson (admitted *Pro Hac Vice*)
Robert J. Ross (admitted *Pro Hac Vice*)
Brian R. Michalek (admitted *Pro Hac Vice*)
OLSON & CEPURITIS, LTD
20 N. Wacker Dr., Fl. 36
Chicago, IL 60606
(312) 580-1180
(312) 580-1189 (fax)
aolson@olsonip.com
rross@olsonip.com
bmichalek@olsonip.com

14

       Kip T. Bollin    (0065275)
       Christopher M. Comiskey (0090297)
       THOMPSON HINE LLP
       3900 Key Center
       127 Public Square
       Cleveland, OH  44114-1291
       (216) 566-5500
       (216) 566-5800 (fax)
       Kip.Bollin@ThompsonHine.com
       Christopher.Comiskey@ThompsonHine.com

       ***Attorneys for Defendant PolyOne Corporation***

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the forgoing document was served on October 7, 2015 upon the following counsel of record in the manner listed:

<u>VIA CM/ECF</u>
Mark Skakun, Esq.
Buckingham, Doolittle & Burroughs, LLC
4518 Fulton Drive NW, Suite 200
Canton, OH 44735-5548
mskakun@bdblaw.com

Eric C. Cohen, Esq.
Katten Muchin Rosenman LLP
525 West Monroe Street
Chicago, Illinois 60661
Eric.cohen@kattenlaw.com


           /s/ Arne M. Olson
      One of the Attorneys for Defendant,
      POLYONE CORPORATION