**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| A. SCHULMAN, INC., ) | |
| ) | |
| Plaintiff, ) | Case No. 1:15 CV 1760 |
| ) | |
| v. ) | Judge Patricia A. Gaughan |
| ) | |
| POLYONE CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |
| ) | |

**MEMORANDUM SUPPORTING POLYONE'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**TABLE OF CONTENTS**

I.     Introduction ........................................................................................................... 1

II.    Legal Standard ..................................................................................................... 2

III.   The Complaint Should Be Dismissed Because Plaintiff Does Not Allege That The Accused Products Infringe The Asserted Patents .................................................. 3

       A.    Plaintiff's Complaint Admits It Does Not Know If The Accused Products Infringe ............................................................................................ 4

       B.    Plaintiff's Complaint Does Not Satisfy the Soon-To-Be Eliminated Form 18 ............................................................................. 6

IV.   Plaintiff Fails to Allege that the Un-Accused Spartech Product Infringes U.S. Patent No. 8,007,902 ............................................................................................................. 7

V.    The Complaint Should Be Dismissed as Its Request for Discovery to Determine Infringement Wastes Valuable Resources ............................................................. 8

VI.   Conclusion ............................................................................................................ 9

i

**TABLE OF AUTHORITIES**

**Cases**

*Asahi Glass Co. v. Pentech Pharmaceuticals, Inc.*,
    289 F.Supp.2d 986 (N.D. Ill. 2003)).................................................................................... 9

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..................................................................................................... 2, 3, 9

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)..................................................................................................... 2, 3, 9

*Elan Microelectronics Corp. v. Apple, Inc.*,
    No. 09-CV-01531, 2009 WL 2972374 (N.D. Cal. Sept. 14, 2009) ................................ 5, 9

*In re Papst Licensing GMBH & Co., KG Litigation*,
    585 F.Supp.2d 32 (D.D.C. 2008) ..................................................................................... 5, 6

*K-Tech Telecommunications, Inc. v. Time Warner Cable, Inc.*,
    714 F.3d 1277 (Fed. Cir. 2013)......................................................................................... 6, 7

*Morando v. Pyrotek, Inc.*,
    No. 12-CV-1264, 2013 WL 949515 (N.D. Ohio Mar. 11, 2013) ........................................ 3

*Orlando Commc'ns LLC v. LG Electronics, Inc.*,
    No. 14-CV-1017, 2015 WL 1246500 (M.D. Fla. Mar. 16, 2015) ....................................... 7

*Republic Bank & Trust Co. v. Bear Sterns & Co., Inc.*,
    683 F.3d 239 (6th Cir. 2012) ............................................................................................... 2

*Weisbarth v. Geauga Park Dist.*,
    499 F.3d 538 (6th Cir. 2007) ............................................................................................... 3

**Other Authorities**

Wright & Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)....................................... 3

**Rules**

Fed. R. Civ. P. 8(a)(2).................................................................................................................... 7

Fed. R. Civ. P. Rule 12(b)(6).......................................................................................................... 9

I.      Introduction

Many Courts have held that the pleading requirements of *Twombly* and *Iqbal* also apply to patent cases despite the presence of the soon-to-be deleted Form 18. (of the Appendix of Forms to the Federal Rules of Civil Procedure). (Michalek Decl., ¶2, Ex. A) However, even the bare-bones of Form 18 require that there be a charge that a particular product infringes. Here, not even the minimalist requirements of Form 18 are met because Plaintiff only pleads that:

> 1) The Accused Products "likely infringe" based on a review some non-accused product; and
>
> 2) Plaintiff can only state that the non-accused product reviewed is "believed" to be from Spartech.

In its Complaint, Plaintiff A. Schulman, Inc. ("Plaintiff") has alleged nothing more than speculation that Defendant PolyOne Corporation ("PolyOne") might infringe its patents. Plaintiff never tested any of the Accused Products. It tested another product, not accused of infringement, and bases its case on a guilt-by-association theory. But only testing Product A does not let you accuse Products B, C, D and E of infringement.

Plaintiff now wants to use discovery to conduct an investigation as to whether PolyOne's products infringe. Even though Plaintiff has known about the PolyOne products for over 2.5 years and it has been talking to the attorneys for PolyOne since October 2013 (Complaint ¶¶15-16) (Doc. 1), Plaintiff never even asked for samples of the Accused Products to test. Plaintiff readily admits in a draft of its report to the Court that it does not know if the Accused Products infringe and if the discovery "materials indisputably demonstrated no infringement then Plaintiff would dismiss the case." (Michalek Decl., ¶3, Ex. B). Now. Plaintiff finally wants to investigate and then maybe drop the suit.

What Plaintiff has pled is that it did some unidentified testing on "third party samples <u>believed to be</u> Spartech multilayer thermoplastic polyolefin sheet products ("Spartech TPO products")."  (Complaint ¶14) (emphasis added).  But what it calls Spartech TPO products are not accused of infringement.  As can be seen in paragraphs 32 and 39 of the Complaint, the only Accused Products are Extreme HG, Formalloy 3400, Formalloy FG30, and Formalloy HG.  The "Spartech TPO products" are never accused of infringement.

Plaintiff's failure to allege the fundamental fact necessary to support its claim – that the Accused Products infringe its patents – is fatal to Plaintiff's Complaint.  Dismissal of Plaintiff's Complaint under Rule 12(b)(6) is appropriate because Plaintiff has done nothing more than speculate that PolyOne infringes the asserted patents.

## II.     Legal Standard

The pleading standard set forth in Fed. R. Civ. P. 8 demands more than the "unadorned, the-defendant-unlawfully-harmed-me accusations."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although a complaint challenged by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations … a plaintiff's obligation to provide t90he 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Republic Bank & Trust Co. v. Bear Sterns & Co., Inc.*, 683 F.3d 239, 246-247 (6th Cir. 2012) (internal citations omitted).

"Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Id*. at 570.  A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to

2

draw reasonable inference that the defendant is liable for misconduct alleged." *Iqbal*, 556 U.S. at 678.  The plausibility standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id*.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.  Plaintiff's allegations contain exactly these kinds of "threadbare recitals" that cannot withstand a motion to dismiss.

"The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (parenthetically quoting Wright & Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

"According to the Sixth Circuit, the standard described in Twombly and Iqbal 'obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible.'  That is, 'Iqbal interpreted Twombly to require more concrete allegations only in those instances in which the complaint, on its face, does not otherwise set forth a plausible claim for relief.'" *Morando v. Pyrotek, Inc.*, No. 12-CV-1264, 2013 WL 949515, at *2 (N.D. Ohio Mar. 11, 2013) (quoting *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 542-542 (6th Cir. 2007).

**III.    The Complaint Should Be Dismissed Because Plaintiff Does Not Allege That The Accused Products Infringe The Asserted Patents**

Plaintiff fails to notify PolyOne of patent infringement.  As detailed in PolyOne's motion and memorandum to strike Plaintiff's infringement contentions (Doc. 14 and 14-1), Plaintiff's infringement contentions about the Accused Products fail to provide the specificity required by the Local Patent Rules.  Its Complaint is no better and fails to put PolyOne on notice of any alleged infringing conduct by the Accused Products.

Plaintiff tells the Court that its infringement theory is based on Spartech Corporation ("Spartech") personnel allegedly using Plaintiff's information acquired during a visit to Plaintiff's facility.  (Complaint ¶9) ("In October 2009… representatives of Spartech visited ASI's facilities to observe ASI's methods of making patented thermoplastic polyolefin ("TPO") products.").  In this story, Plaintiff spins a tale of Spartech theft of confidential information that allowed them to "replicate the process for making the products eventually covered by ASI's '902 and '906 patents."  (Complaint ¶11).

But three days after filing this Complaint, on September 3, 2015, Plaintiff tells a different story to the United States Patent and Trademark Office ("USPTO") that it was, in fact, aware that Spartech had TPO technology at least a year and a half before the October 2009 meeting. Specifically, in a reexamination of U.S. Patent No. 8,182,906 (one of the patents in suit), Plaintiff filed an information disclosure statement with the USPTO containing a publication dated April 3, 2008 and titled "Spartech Debuts Extreme TPO Sheet for Consistent Thermoforming Results Excellent Performance & Reduced System Costs."  Plaintiff even tells the USPTO that the date of the publication is April 3, 2008.  (Michalek Decl., ¶4, Ex. C).  Thus, to the USPTO, Plaintiff admits that Spartech was in possession of the TPO technology well before the October 2009 meeting—something it directly contradicts in its Complaint to this Court.

### A. Plaintiff's Complaint Admits It Does Not Know If The Accused Products Infringe

Plaintiff's Complaint does not even allege that the Accused Products infringe the asserted U.S. Patent Nos. 8,007,902 and 8,182,906 ("the asserted patents").  In failing to do so, Plaintiff's Complaint falls below the minimal pleading standard.  Plaintiff can only allege that "[a]fter an opportunity for discovery" there might be a basis for such an allegation.  (Complaint ¶¶32, 39).

4

This is clearly improper. *See Elan Microelectronics Corp. v. Apple, Inc.*, No. 09-CV-01531, 2009 WL 2972374, at *4 (N.D. Cal. Sept. 14, 2009) (Holding on a motion to dismiss that it is insufficient to generally allege that "there may or may not be infringement, we need further discovery to find out.").

Plaintiff's "file-first, ask-questions later" approach is time-consuming, expensive and should not be condoned. *See, e.g. In re Papst Licensing GMBH & Co., KG Litigation*, 585 F.Supp.2d 32 (D.D.C. 2008). In *In re Papst Licensing*, the District Court dismissed a complaint for patent infringement based on nearly-identical pleadings as here. In that case, the plaintiff, Papst, alleged in its complaint that "*[a] reasonable opportunity for further investigation or discovery is likely to provide evidentiary support* the Sanyo Defendants have made, used, sold or offered to sell . . ." products covered by the asserted patent. *Id*. at 33 (emphasis original). After analyzing Form 18, the Court concluded that the pled language "merely speculates that Sanyo might have infringed or be infringing and notifies Sanyo and the Court that Papst intends to investigate whether Papst has an infringement claim against Sanyo." *Id*. at 35. By alleging that it needed further investigation in order to determine whether Sanyo had infringed, Papst was admitting that it could not allege facts giving rise to the claim itself. Papst was held to have "pleaded itself out of court by making allegations demonstrating it [had] no legal claim." *Id*. at 35 n.2. Thus, the court held that:

> "The allegation that '[a] reasonable opportunity for further investigation or discovery is likely to provide evidentiary support' that Sanyo has infringed and is infringing the Patents in Suit does not state a claim for infringement. *Id*. at 35.

The allegations in Plaintiff 's Complaint are nearly identical to the allegations rejected by *In re Papst Licensing*. Here, Plaintiff alleges that:

> "[a]fter an opportunity for discovery, there will likely be evidence that PolyOne has infringed at least…" (Complaint ¶32, ¶39),

5

In *Papst* the plaintiff alleged that:

> "[a] reasonable opportunity for further investigation or discovery is likely to provide evidentiary support" of infringement. *In re Papst Licensing*, 585 F. Supp. 2d at 33 (omission of original emphasis).

For the same reasons as in *Papst*, Plaintiff's "Complaint fails to state a claim as required by Rule 8—it does not contain 'a short and plain statement of the claim showing that the pleader is entitled to relief' sufficient 'to give a defendant fair notice' of the claims." *See Id.* at 35.

### B. Plaintiff's Complaint Does Not Satisfy the Soon-To-Be Eliminated Form 18

Plaintiff's pleading does not even satisfy the requirements set forth in lame duck Form 18.[1]

Form 18 requires:

> (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) **a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'**; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages." *K-Tech Telecommunications, Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1283 (Fed. Cir. 2013) *cert. denied sub nom. DIRECTV v. K-Tech Telecommunications, Inc.*, 134 S. Ct. 1026, 188 L. Ed. 2d 139 (2014) (emphasis added).

Specifically, Form 18 requires Plaintiff to tell PolyOne that it has been infringing its patents 'by making selling, and using [the Accused Products] embodying the patent.'" *See K-Tech*, at 1277; *See also In re Papst Licensing*, 585 F.Supp.2d at 34-35. Plaintiff's pleadings do not do this. At best, Plaintiff speculates there may be infringement, but it does not know. "Form 18 in no way relaxes the clear principle of Rule 8, that a potential infringer be placed on notice of what activity or device is being accused of infringement."

---

[1] In September 2014, the Judicial Conference of the United States approved several amendments to the Federal Rules of Civil Procedure including an abrogation of Rule 84 and the Appendix of Forms, including Form 18. The Supreme Court approved the elimination of Form 18. This will take effect in December 2015.

*K-Tech*, at 1284.  Accordingly, the Complaint even fails to satisfy the required statements of Form 18.  *See Orlando Commc'ns LLC v. LG Electronics, Inc.*, No. 14-CV-1017, 2015 WL 1246500, at *4 (M.D. Fla. Mar. 16, 2015) (Complaint failing "…because Plaintiff fails to even provide the notice envisioned by the Federal Circuit in K–Tech for Form 18.").

Because Plaintiff so readily admits that it needs to conduct further investigation in order to determine whether PolyOne infringes Plaintiff's patents, Plaintiff cannot allege sufficient facts giving rise to its Complaint at the time of filing as required by Form 18.  Plaintiff's Complaint also does not meet the pleading standard of Rule 8(a)(2).

Plaintiff's Complaint falls apart for failing to satisfy basic pleading requirements set forth by Federal Rule of Civil Procedure 8 or Form 18 as it is riddled with speculation, guesswork and never sets forth facts demonstrating any actual case or controversy with respect to PolyOne.

**IV.   Plaintiff Fails to Allege that the Un-Accused Spartech Product Infringes U.S. Patent No. 8,007,902**

Plaintiffs' guilt-by-association story hinges on PolyOne's acquisition of Spartech.  And because Plaintiff did not test any of the PolyOne Accused Products, its infringement theory swings on different un-accused products which it believes to be old Spartech TPO products.  This theory requires that the old Spartech products are the same as the Accused Products.  This is, of course, insufficient pleading as a matter of law as there is no indication that the un-accused product is the same as the Accused Product.  Regardless, Plaintiff's Complaint cannot even allege that the un-accused Spartech product infringes U.S. Patent No. 8,007,902 ("the 902 patent").  Plaintiff pleads:

7

> "In 2013, ASI obtained from third parties samples **believed** to be Spartech multilayer thermoplastic polyolefin sheet products ("Spartech TPO products"). Based on ASI's tests of the Spartech TPO products, ASI concluded that such products infringed the '906 patent, and **likely infringed the '902 patent.**" (Complaint ¶14) (emphasis added).

While it baldy concludes that the un-accused product "infringes the '906 patent," it can only muster that the un-accused product "likely infringed the '902 patent." Tellingly, Plaintiff was unable to determine whether or not the un-accused product that was in its possession infringed the '902 patent. Clearly, there has not been a proper pre-filing investigation.

Accordingly, Plaintiff's theory collapses for its assertion of the '902 patent and provides additional grounds for dismissing Count I of the Complaint.

### V. The Complaint Should Be Dismissed as Its Request for Discovery to Determine Infringement Wastes Valuable Resources

Plaintiff's entire Complaint is premised on the fact that it needs discovery before it can allege whether or not infringement is present. Strewn through the Complaint is the request for discovery to fill gaps in what it cannot plead:

> "**After an opportunity for discovery**, there is likely to be evidence that PolyOne was aware of ASI's notice of infringement…" (Complaint ¶15) (emphasis added).

> "**After a reasonable opportunity for discovery**, including but not limited to obtaining and testing samples of PolyOne's accused products and obtaining documentation of PolyOne's methods of making such accused products, there is likely to be evidence that PolyOne has been making, using, offering for sale and selling Extreme HG, Formalloy E3400, Formalloy FG30, and Formalloy HG thermoplastic polyolefin (TPO) sheets…" (*Id.,* ¶18) (emphasis added).

> "**After a reasonable opportunity for the discovery** identified in paragraph 16, supra, there is likely to be evidence that PolyOne's infringement of ASI's patents is and has been willful." (*Id.,* ¶19) (emphasis added).

> "**ASI is entitled to expedited discovery**, including but not limited to product of samples of PolyOne's accused products for **purposes of testing**…" (*Id.,* ¶28) (emphasis added).

8

"**After an opportunity for discovery**, there will likely be evidence that PolyOne has infringed at least claims 1 and 36 of the '902 patent by making, using, offering for sale and selling Extreme HG, Formalloy E3400, Formalloy FG30, and Formalloy HG thermoplastic polyolefin (TPO) sheets." (*Id.,* ¶32) (emphasis added).

"**After an opportunity for discovery**, there will likely be evidence that PolyOne has infringed at least claims 1, 20, 39, 55, and 77 of the '906 patent…" (*Id.,* ¶39) (emphasis added).

"Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Elan Microelectronics Corp.*, 2009 WL 2972374, at *1 (citing *Iqbal*, 556 U.S. at 678-79).  The Supreme Court in *Twombly* recognized the nexus between Rule 8 and litigation efficiency.  Because suits such as patent antitrust cases are quite expensive to litigate, a complaint that fails to raise a claim should be exposed early, at the point of minimum expenditure of time and money by the parties and the court. *Twombly*, 550 U.S. at 558.  "[S]ome threshold of plausibility must be crossed at the outset before a patent antitrust case should be permitted to go into its inevitably costly and protracted discovery phase." *Id.* (quoting *Asahi Glass Co. v. Pentech Pharmaceuticals, Inc.*, 289 F.Supp.2d 986, 995 (N.D. Ill. 2003)).

Plaintiff's unfounded Complaint will impose extensive costs on PolyOne and will unnecessarily burden this Court.

## VI. Conclusion

As patent litigation is quite expensive, it is proper to avoid pleading deficiencies at the outset by dismissing these claims under Rule 12(b)(6).  Accordingly, the Court should grant PolyOne's motion to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted.

                                                            Respectfully submitted,

Date: October 16, 2015                /s/ Arne M. Olson
                                          Arne M. Olson (admitted *Pro Hac Vice*)
                                          Robert J. Ross (admitted *Pro Hac Vice*)
                                          Brian R. Michalek (admitted *Pro Hac Vice*)
                                          OLSON & CEPURITIS, LTD
                                          20 N. Wacker Dr., Fl. 36
                                          Chicago, IL 60606
                                          (312) 580-1180
                                          (312) 580-1189 (fax)
                                          aolson@olsonip.com
                                          rross@olsonip.com
                                          bmichalek@olsonip.com

                                          Kip T. Bollin                    (0065275)
                                          Christopher M. Comiskey   (0090297)
                                          THOMPSON HINE LLP
                                          3900 Key Center
                                          127 Public Square
                                          Cleveland, OH  44114-1291
                                          (216) 566-5500
                                          (216) 566-5800 (fax)
                                          Kip.Bollin@ThompsonHine.com
                                          Christopher.Comiskey@ThompsonHine.com

                                          ***Attorneys for Defendant PolyOne Corporation***

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the forgoing document was served on October 16, 2015 upon the following counsel of record in the manner listed:

<u>VIA CM/ECF</u>
Mark Skakun, Esq.
Buckingham, Doolittle & Burroughs, LLC
4518 Fulton Drive NW, Suite 200
Canton, OH 44735-5548
mskakun@bdblaw.com

Eric C. Cohen, Esq.
Katten Muchin Rosenman LLP
525 West Monroe Street
Chicago, Illinois 60661
Eric.cohen@kattenlaw.com


                /s/ Arne M. Olson
            One of the Attorneys for Defendant,
            POLYONE CORPORATION