UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **A. Schulman, Inc.,** | ) | **CASE NO. 1:15 CV 1760** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **PolyOne Corporation,** | ) | <u>Order</u> |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court upon letters submitted via the Court's email system outlining two discovery issues that have arisen between the parties.  The Court has reviewed the submissions and rules as follows.  The patent prosecution bar will apply only to attorneys who have entered an appearance in this case.  Pursuant to *In re Deutshce Bank Trust Co. Americas*, 605 F.3d 1373, 1381 (Fed. Cir. 2010), the Court finds that defendant fails to establish that the prosecution bar it requests, *i.e.*, a bar for *plaintiff's entire law firm*, is reasonable in light of the risk of inadvertent disclosure of proprietary and confidential information.  As plaintiff points out, the terms of the protective order expressly allow only litigation counsel that have entered an appearance in this case to have access to confidential and proprietary information.  In addition,

1

plaintiff indicates that it has put in place additional safeguards, including the use of password protected access to defendant's documents, to prevent inadvertent disclosure.  Because there is no overlap between plaintiff's patent litigation team and the lawyers at the firm that assist with patent prosecution, and because there are sufficient precautions in place to prevent inadvertent disclosure, the Court finds that the prosecution bar defendant seeks is overbroad.

In addition, the Court agrees with plaintiff that it is entitled to an extension of the testing date.  The parties previously agreed that plaintiff would produce testing results eleven weeks after defendant complied with its Rule 3.4 obligations.  Plaintiff argues that defendant has not complied with is obligations because it has not produced any documents "sufficient to describe the structure, composition, and/or operation of the Accused Instrumentality" as required by Rule 3.4(c).  Although defendant states that it has complied with its Rule 3.4 obligations, it agreed to produce additional documents, but only after the Court resolved the prosecution bar issue.  Having resolved that issue above, it appears that defendant is now willing to produce additional Rule 3.4 material.  The Court finds that defendant shall produce those additional materials forthwith.  Plaintiff shall have eleven weeks from the date of defendant's production–as initially contemplated by the parties–to complete its testing.  Defendant's argument that this extension will have an impact on the other case management dates can be discussed at the upcoming status conference with the Court.  The Court agrees with defendant, however, that the tests referenced by plaintiff in the amended complaint must be produced by August 11, 2016, as those tests are completed.

IT IS SO ORDERED.

                                         /s/ Patricia A. Gaughan
                                         PATRICIA A. GAUGHAN
                                         United States District Judge

Dated: 8/1/16