# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| A. Schulman, Inc. ) | |
| ) | |
| Plaintiff, ) | Case No. 1:15CV1760 |
| ) | |
| vs. ) | Judge Patricia A. Gaughan |
| ) | |
| PolyOne Corp., and ) | |
| PolyOne Designed Structures ) | |
| and Solutions LLC ) | Stipulated Protective Order |
| ) | |
| Defendants. ) | |

The parties to this Stipulated Protective Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1. **Scope.** All disclosures, affidavits and declarations and exhibits thereto, deposition testimony and exhibits, discovery responses, documents, electronically stored information, tangible objects, information, and other things produced, provided, or disclosed in the course of this action which may be subject to restrictions on disclosure under this Order, and information derived directly therefrom (hereinafter referred to collectively as "documents"), shall be subject to this Order as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible. The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Form and Timing of Designation.** A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words

1

"CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" (hereinafter referred to as "CONFIDENTIAL") or "ATTORNEYS EYES ONLY - SUBJECT TO PROTECTIVE ORDER" (hereinafter referred to as "ATTORNEYS EYES ONLY") on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the designation. Documents shall be designated prior to or at the time of the production or disclosure of the documents. When a tangible object is produced for inspection subject to protection under this Order, a photograph thereof shall be produced at the time of inspection labeled with the designation CONFIDENTIAL or ATTORNEYS EYES ONLY. Thereafter any information learned or obtained as a result of the inspection shall be subject to protection under this Order in accordance with the applicable designation. When electronically stored information is produced which cannot itself be marked with the designation CONFIDENTIAL or ATTORNEYS EYES ONLY, the physical media on which such electronically stored information is produced shall be marked with the applicable designation. The party receiving such electronically stored information shall then be responsible for labeling any copies that it creates thereof, whether electronic or paper, with the applicable designation. By written stipulation the parties may agree temporarily to designate original documents that are produced for inspection CONFIDENTIAL or ATTORNEYS EYES ONLY even though the original documents being produced have not themselves been so labeled. All information learned in the course of such an inspection shall be protected in accordance with the stipulated designation. The copies of documents that are selected for copying during such an inspection shall be marked CONFIDENTIAL or ATTORNEYS EYES ONLY as required under this Order and thereafter the copies shall be subject to protection under this Order in accordance with their designation. The designation of documents for protection under this Order does not mean that the document has any status or

protection by statute or otherwise except to the extent and for the purposes of this Order.

3. **Documents Which May be Designated CONFIDENTIAL.** Any party may designate documents as CONFIDENTIAL upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential business or personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available. Public records and documents that are publicly available may not be designated for protection under this Order.

4. **Documents Which May be Designated ATTORNEYS EYES ONLY.** Any party may designate documents as ATTORNEYS EYES ONLY upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as trade secrets or other highly sensitive business or personal information, the disclosure of which is likely to cause significant harm to an individual or to the business or competitive position of the designating party.

5. **Depositions.** Deposition testimony shall be deemed CONFIDENTIAL or ATTORNEYS EYES ONLY only if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit designated for protection under this Order. Thereafter, the deposition testimony and exhibits so designated shall be protected, pending objection, under the terms of this Order. By stipulation read into the record the parties may agree temporarily to designate an entire deposition and the exhibits used therein for protection under this Order pending receipt and review of the transcript. In such a circumstance, the parties shall review the transcript within thirty days of the receipt thereof and specifically designate the testimony and exhibits that will be protected under this Order. Thereafter only the specifically

3

designated testimony and exhibits shall be protected under the terms of this Order.

6. **Protection of Confidential Material.**

(a) **Protection of Documents Designated CONFIDENTIAL.** Documents designated CONFIDENTIAL under this Order and the information contained therein shall not be used for any purpose whatsoever other than the prosecution or defense of this action, and of any appeal thereof. The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated CONFIDENTIAL to any third person or entity except as set forth in subparagraphs (1)-(7). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL.

(1) **Outside Counsel of Record.** Outside counsel of record for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action.

  i. For A. Schulman, Inc., Outside Counsel of Record are the attorneys of Brinks Gilson & Lione and Buckingham, Doolittle & Burroughs, LLC who have filed or may in the future file appearances in this action.

  ii. For PolyOne Corporation, the Outside Counsel of Record are the attorneys of Olson & Cepuritis, Ltd. and Thompson Hine LLP who have filed or who may in the future file appearances in this action.

(2) **Parties.** Parties and employees of a party to this Order.

(3) **The Court.** The Court and its personnel.

(4) **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions.

(5) **Persons Creating or Receiving Documents.** Any person who authored or recorded the designated document, and any person who has previously seen or was aware of the designated document.

(6) **Consultants, Investigators and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

(7) **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

(b) **Protection of Documents Designated ATTORNEYS EYES ONLY.**

Documents designated ATTORNEYS EYES ONLY under this Order and the information contained therein shall not be used for any purpose whatsoever other than the prosecution or defense of this action, and of any appeal thereof. The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated ATTORNEYS EYES ONLY to any third person or entity except as set forth in subparagraphs (1)-(6). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated ATTORNEYS EYES ONLY.

(1) **Outside Counsel of Record.** Outside Counsel of Record is defined in subparagraph 6(a)(1).

(2) **The Court.** The Court and its personnel.

5

(3) **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions.

(4) **Persons Creating or Receiving Documents.** Any person who authored or recorded the designated document, and any person who has previously seen or was previously aware of the designated document.

(5) **Independent Consultants, Investigators and Experts.** Independent consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

**Five** (5) days before any documents designated ATTORNEYS EYES ONLY under this section are provided to any independent consultant, investigator or expert (collectively "identified expert"), the receiving party shall provide to the producing party via email or overnight delivery service:

    (i) the name of the independent consultant, investigator or expert;

    (ii) the present employer and title of such person;

    (iii) an up to date *curriculum vitae* for such person;

    (iv) a written acknowledgement in form of Exhibit A attached hereto, signed by such person, certifying that such person has read this Stipulated Protective Order and has agreed to be bound by its terms.

In the absence of any objection within such five (5) day period, upon the expiration of such period, documents designated ATTORNEYS EYES ONLY

6

may be disclosed by the receiving party to such identified expert.

(6) **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

(c) **Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated for protection under this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of 1 year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

(d) **Copies.** All copies of documents designated for protection under this Order, or any individual portion of such a document, shall be marked with the designation CONFIDENTIAL or ATTORNEYS EYES ONLY if the words do not already appear on the copy. All such copies shall be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of designated documents or otherwise disclose the substance of the designated documents.

(e) **Inadvertent Production.** Inadvertent production of any document or information without a designation of CONFIDENTIAL or ATTORNEYS EYES ONLY shall be governed by Fed. R. Evid. 502.

(f) **Prosecution Bar.**

(1) The prosecution bar applies to any Outside Counsel of Record or any other person who, under paragraph 6(b)(5) or 6(b)(6) has access to ATTORNEYS

7

EYES ONLY designated documents in the manner defined in paragraph 6(b) herein ("disclosed information") relating to technical, research, development, or product design of an opposing party or third party under the instant protective order ("AEO Reviewer").

(2) No AEO Reviewer can prepare or prosecute patent applications, or provide advice for doing the same, for any party that such AEO Reviewer represents in this action, for two years from conclusion of this action in the Technical Field as defined below. This prosecution bar extends to related companies, affiliates, or entities otherwise working in concert with such party.

(3) This prosecution bar shall not apply or cease to apply to the extent and from the date on which such disclosed information becomes public in a manner that does not violate this Order.

(4) This prosecution bar shall not apply to *inter partes* review proceedings before the Patent Trial and Appeal Board.

(5) This prosecution bar shall not limit Outside Counsel of Record from participating in the defense of a contested European Patent Office Opposition proceeding or other contested foreign proceedings that involve counterparts of U.S. Patent Nos. 8,007,902 or 8,182,906 initiated by a Defendant that is confined to advocating for the patentability or validity of any original claim that is the subject of such proceeding, but Outside Counsel of Record may not participate, advise or otherwise be involved in any amendments to such claims.

(6) No AEO Reviewer can participate in a United States Patent Office *ex parte*

8

reexamination proceeding that involves U.S. Patent Nos. 8,007,902 or 8,182,906 or any related patents in the Technical Field. This prosecution bar shall not limit Outside Counsel of Record from participating in the defense of a contested United States Patent Office *ex parte* reexamination proceeding initiated by a Defendant that is confined to advocating for the patentability or validity of any original claim that is the subject of such proceeding, but Outside Counsel of Record may not participate, advise or otherwise be involved in any amendments to such claims.

(7) Plaintiff represents that in the event that Defendants or a third party successfully institutes an *ex parte* reexamination before the U.S. Patent & Trademark Office with respect to U.S. Patent Nos. 8,007,902 and 8,182,906 or any related patents making a claim of priority thereto or common therewith, Plaintiff has no present intention to make substantive amendments to any contested claims.

(8) **Technical Field.** The Technical Field for the prosecution bar is defined as the field of polyolefin sheets, articles formed from polyolefin sheets, and/or polyolefin compositions for use in polyolefin sheets, and includes any patent application making a claim of priority to or common with U.S. Patent Nos. 8,007,902 or 8,182,906 or U.S. Provisional Application No. 61/050,465 or International Application No. PCT/US2009/042704.

(g) **Consequence of Prosecution Bar.** The duty of disclosure under 37 C.F.R. §1.56 shall not apply to Information designated by either Defendant or a third party as ATTORNEYS EYES ONLY, unless such Defendant or third party authorizes in writing the

9

disclosure of such information to an attorney who is prosecuting an application, reexamination, or reissue on behalf of ASI, and the filing of such information in the U.S. Patent & Trademark Office in connection with an application, reexamination, or reissue prosecuted on behalf of ASI.

7. **Filing of CONFIDENTIAL or ATTORNEYS EYES ONLY Documents Under Seal.** The Court highly discourages the manual filing of any pleadings or other papers under seal. To the extent that a pleading or other paper references an exhibit designated for protection under this Order, then the pleading or other paper shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information.

(a) Before any exhibit designated for protection under this Order is filed under seal with the Clerk, the filing party shall first consult with the party that originally designated the document for protection under this Order to determine whether, with the consent of that party, the exhibit or a redacted version of the exhibit may be filed with the Court not under seal.

(b) Where agreement is not possible or adequate, an exhibit designated for protection under this Order shall be filed electronically under seal in accordance with the electronic case filing procedures of this Court.

(c) Where filing electronically under seal is not possible or adequate, before an exhibit designated for protection under this Order is filed with the Clerk, it shall be placed in a sealed envelope marked CONFIDENTIAL or ATTORNEYS EYES ONLY, which envelope shall also display the case name, docket number, a designation of what the exhibit is, the name of the party in whose behalf it is submitted, and the name of the attorney who has filed the exhibit on the front of the envelope. A copy of any exhibit filed under seal shall also be delivered to the judicial officer's chambers.

(e) To the extent that it is necessary for a party to discuss the contents of any document designated for protection under this Order in a pleading or other paper filed with this Court, then such portion of the pleading or other paper shall be filed under seal. In such circumstances, counsel shall prepare two versions of the pleading or other paper, a public and a sealed version. The public version shall contain a redaction of references to CONFIDENTIAL or ATTORNEYS EYES ONLY documents. The sealed version shall be a full and complete version of the pleading or other paper and shall be filed with the Clerk under seal as above. A copy of the unredacted pleading or other paper also shall be delivered to the judicial officer's chambers.

8. **Challenges by a Party to a Designation for Protection Under this Order.** Any CONFIDENTIAL or ATTORNEYS EYES ONLY designation is subject to challenge by any party or non-party with standing to object (hereafter "party"). Before filing any motions or objections to a designation for protection under this Order with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL or ATTORNEYS EYES ONLY designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

9. **Action by the Court.** Applications to the Court for an order relating to any documents designated for protection under this Order shall be by motion under Local Rule 7.1 and any other procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial.

10. **Use of Confidential Documents or Information at Trial.** Absent order of the Court, all trials are open to the public and there will be no restrictions on the use at trial of any document designated for protection under this Order. If a party intends to present at trial documents designated for protection under this Order, or information derived therefrom, such party shall provide advance notice to the party designating the documents for protection under this Order least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.).

Upon motion of the party designating the document for protection under this Order, the Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

11. **Obligations on Conclusion of Litigation.**

(a) **Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) **Return of Documents Designated for Protection Under this Order.** Within thirty days after dismissal or entry of final judgment not subject to further appeal, all documents designated for protection under this Order, including copies as defined in ¶6(d), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain copies of all pleadings, motions, orders, written discovery, and other papers filed with the Court

or exchanged by the parties even though they may contain documents designated for protection under this Order. Counsel may also retain attorney work product, including an index which refers or relates to documents designated for protection under this Order, so long as that work product does not duplicate verbatim substantial portions of the text or images of documents designated for protection under this Order. This work product shall continue to be subject to the protections of this Order in accordance with the applicable designation. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use documents designated for protection under this Order.

(c) **Return of Documents Filed under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

12. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under Local Rule 7.1 and the presiding judge's standing orders or other relevant orders.

13. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents designated for protection under this Order are entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

14. **Persons Bound.** This Order shall take effect when entered and shall be

13

binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

**So Ordered.**

Dated: August 16, 2016 /s/ Patricia A. Gaughan
District Judge

**WE SO MOVE/STIPULATE
and agree to abide by the
terms of this Order.**

/s/ Eric C. Cohen
Eric C. Cohen
Mark H. Remus, Esq.
Oluwafemi L. Masha, Esq.
Brinks Gilson & Lione
NBC Tower – Suite 3600
455 N. Cityfront Plaza Drive
Chicago, IL 60611
Phone (312) 321-4224
Facsimile (312) 321-4299
eccohen@brinksgilson.com
mremus@brinksgilson.com
omasha@brinksgilson.com

Mark J. Skakun
Buckingham, Doolittle & Burroughs, LLC
4518 Fulton Drive NW, Suite 200
Canton, OH 44735-5548
Phone (330) 491-5319
Facsimile (330) 252-5422
mskakun@bdblaw.com

Counsel for Plaintiff A. Schulman, Inc.

/s/ Arne M. Olson
Arne M. Olson (admitted *Pro Hac Vice*)
Robert J. Ross (admitted *Pro Hac Vice*)
Brian R. Michalek (admitted *Pro Hac Vice*)
OLSON & CEPURITIS, LTD
20 N. Wacker Dr., Fl. 36
(312) 580-1180
(312) 580-1189 (fax)
aolson@olsonip.com
rross@olsonip.com
bmichalek@olsonip.com

Kip T. Bollin (0065275)
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, OH 44114-1291
(216) 566-5500
(216) 566-5500 (fax)
Kip.Bollin@ThompsonHine.com
Christopher.Comiskey@ThompsonHine.com

Counsel for Defendants PolyOne Corporation and PolyOne Designed Structures and Solutions LLC

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| A. Schulman, Inc. ) | |
| ) | |
| Plaintiff, ) | Case No. 1:15CV1760 |
| ) | |
| vs. ) | Judge Patricia A. Gaughan |
| ) | |
| PolyOne Corp.., ) | Stipulated Protective Order |
| ) | |
| Defendant. ) | |

## ATTACHMENT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order entered in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Ohio in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS EYES ONLY – SUBJECT TO PROTECTIVE ORDER in accordance with the Order solely for the purposes of the above- captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date: _____ Signature: _____