UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| A. SCHULMAN, INC., ) | |
| ) | |
| Plaintiff- Counter-Defendant, ) | Case No. 1:15-cv-1760 |
| ) | |
| vs. ) | Judge Patricia A. Gaughan |
| ) | |
| POLYONE CORPORATION, and ) | |
| POLYONE DESIGNED STRUCTURES ) | |
| & SOLUTIONS LLC, ) | |
| ) | |
| Defendants-Counter-Plaintiffs. ) | |

**JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT**

Pursuant to L.P.R. 4.5, the parties submit their Joint Claim Construction and Pre-Hearing Statement.

**A. The construction of those terms on which the parties agree.**

The parties do not agree on the entire construction of any of the terms in dispute.

**B. Each party's proposed construction of each disputed term, together with an identification of all references from the intrinsic evidence that supports that construction, and an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction or to oppose any other party's proposed construction, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of all witnesses including experts.**

The parties' proposed constructions are set forth in the table below. Attached as Exhibit A is ASI's proposed constructions, along with the identification of all references to intrinsic and extrinsic evidence upon which ASI relies. Attached as Exhibit B is PolyOne's proposed constructions, along with the identification of all references to intrinsic and extrinsic evidence upon which PolyOne relies.

| Disputed Claim Term | ASI Construction | PolyOne Construction |
|---|---|---|
| "passes a gravelometer impact test per the GM9508P standard, with a 10 pt load at a -30° C. temperature, and at an angle of 30 degrees"<br><br>("Gravelometer Limitation") | "Passes" means "has a score of 7 or greater per the scoring system of the GM9508P standard with no cracking or delamination." Only chips counted for purposes of computing the score, and that mars, which are the subject of a separate GM standard, GMW3963, are not counted. | Invalid and indefinite. The term, read in light of the patent's specification and prosecution history, fails to inform a person of ordinary skill in the art, with reasonable certainty, as to how to pass a gravelometer impact test per the GM9508P standard, with a 10 pt load, at -30 degrees C temperature and at an angle of 30 degrees as required by the claims. *See, e.g., Nautilus, Inc. v. Biosig Instrs., Inc.*, 134 S.Ct. 2120 (2014).<br><br>*PolyOne's Substitute/Alternative Gravelometer Construction*<br><br>• "passes a gravelometer impact test" means "obtaining a rating of 7 or greater as determined by a visual comparison of the surface of a panel subjected to the test with the photographic standards (Figures 1 through 8) of the GM9508P standard, where the visual comparison accounts for any chipping, denting, cratering, cracking, marring, or other surface damage of any kind imparted by the gravel to the surface."<br><br>• "10 pt load" means "10 sequential 1 pt |

| Disputed Claim Term | ASI Construction | PolyOne Construction |
|---|---|---|
| | | gravel feeds, where each 1 pt gravel feed begins within 10 seconds of removing the panel form the conditioning freezer for each pint of gravel and the gravel is fed within a 10 second interval for each pint of gravel and where the air pressure should be readjusted to 70 psi for each pint of gravel"<br><br>• "at a −30° C. temperature" means conditioning or reconditioning the sample at -30 C for a minimum of 4 hours separately before feeding each pint of gravel<br><br>• "GM9508P standard" means the General Motors Engineering Standards, version June 2002, entitled "Chip Resistance of Coating." ("the GM9508P, June 2002 Version").<br><br>• Method B that is identified in the GM9508P, June 2002 Version should be used |
| "a DOI of 70 or greater"<br>"a DOI of 85 or greater"<br><br>("DOI Limitation" | "DOI" means "distinctiveness of image, a measure of how clearly an object is reflected by a surface." A POSA would | Invalid and indefinite. The term, read in light of the patent's specification and prosecution history, fails to |

3

| Disputed Claim Term | ASI Construction | PolyOne Construction |
|---|---|---|
| | understand, given the patent specification, that DOI is determined by measurement using any of the approved DOI measurement instruments listed in GM 4348M section 3.1.5. | inform a person of ordinary skill in the art, with reasonable certainty, as to how to test for DOI as required by the claims. *See, e.g., Nautilus, Inc. v. Biosig Instrs., Inc.*, 134 S.Ct. 2120 (2014). |
| "random microstructure"<br><br>("Random Microstructure Limitation") | A polyolefin backing layer with a "random microstructure" is a layer primarily composing one or more polyolefins that are not block copolymers, and in which the mer units (the portion of a polymer derived from a single reactant molecule) do not form blocks and, instead, are incorporated in an essentially non-repeating manner. | Invalid and indefinite. The term, read in light of the patent's specification and prosecution history, fails to inform a person of ordinary skill in the art, with reasonable certainty, as to the meaning of random microstructure as required by the claims. *See, e.g., Nautilus, Inc. v. Biosig Instrs., Inc.*, 134 S.Ct. 2120 (2014). |
| "clear polyolefin layer" | A POSA would understand that a "clear polyolefin layer has a light transmittance of 85% or greater, a haze of 10 or less." | A polyolefin layer having no pigment of any amount and having a light transmittance of 85% or greater and a haze of 10 or less. |
| "colored polyolefin layer" | Plain and ordinary meaning. Alternatively, a layer that has color, which may be supplied by a pigment, dye or otherwise. | A polyolefin layer having any amount of pigment present. |

**C. An identification of the terms that each of the parties contend (i) would require a disposition of the case in its favor and/or (ii) will be substantially conducive to promoting settlement. For any such terms, each of the parties shall also include a brief statement, not to exceed one page, supporting or refuting the contention that the construction of those terms will be dispositive or promote settlement. The Court may, at its option, solicit additional briefing regarding the dispositive nature of any terms prior to the claim construction hearing or upon issuing its claim constructions.**

*Defendants' Statement*: The Gravelometer and DOI limitations are present in each of the asserted claims. A Court ruling that either the Gravelometer or DOI limitation is indefinite and invalid

would dispose of this case in Defendants' favor. Many of the asserted claims also include the Random Microstructure limitation. A Court ruling the Random Microstructure limitation is indefinite and invalid would likely be substantially conducive to promoting settlement.

Alternatively, a Court ruling that adopts Defendants' substitute Gravelometer construction would likely dispose of this case in Defendants' favor of noninfringement. Plaintiff's noninfringement testing of the Accused Products in accordance with the substitute Gravelometer construction resulted in Gravelometer scores of "2s" and "3s" that do not meet the Gravelometer limitation.

*ASI's Statement*: Under the applicable law and based on the record in this case, ASI submits that none of the disputed claim terms are indefinite. Because the Gravelometer and DOI limitations are present in each of the asserted claims, a ruling of indefiniteness would end the case at the trial court level, but would result in an appeal by ASI, and thus, would not, itself, resolve the dispute. Nor would it likely lead to settlement. A ruling that only the Random Microstructure limitation is indefinite would invalidate only the asserted claims of the '902 patent, but not the '906 patent. Thus, it alone would not substantially affect this case or likely lead to settlement. ASI believes that should the Court adopt ASI's proposed constructions, it would eliminate significant defenses and that the opportunity for settlement may be enhanced, either through direct negotiations or mediation.

### D. The anticipated length of time necessary for the Claim Construction Hearing;

The parties believe that three hours should be a sufficient amount of time for the claim construction hearing, so long as there is no live testimony.

> **E. Whether any party proposes to call one or more witnesses at the Claim Construction Hearing, the identity of each such witness, and for each witness a brief description of the subject matter of each witness' anticipated testimony; and**

Unless the Court finds that live testimony of one or more experts would assist the Court in understanding the technology, the parties do not intend to present live testimony.

> **F. A list of other issues that might appropriately be taken up at a prehearing conference prior to the claim construction hearing and, if not previously set, proposed dates for any such prehearing conference.**

Assuming that there will be no live testimony, the parties believe that a prehearing conference should not be necessary, unless the Court believes that it would aid the Court in preparing for the hearing.

6

| | |
|---|---|
| /s/ Eric C. Cohen | /s/ Arne M. Olson |
| Eric C. Cohen | Arne M. Olson (admitted *Pro Hac Vice*) |
| Mark H. Remus, Esq. | Robert J. Ross (admitted *Pro Hac Vice*) |
| Oluwafemi L. Masha, Esq. | Brian R. Michalek (admitted *Pro Hac Vice*) |
| Brinks Gilson & Lione | OLSON & CEPURITIS, LTD |
| NBC Tower – Suite 3600 | 20 N. Wacker Dr., Fl. 36 |
| 455 N. Cityfront Plaza Drive | (312) 580-1180 |
| Chicago, IL 60611 | (312) 580-1189 (fax) |
| Phone (312) 321-4224 | aolson@olsonip.com |
| Facsimile (312) 321-4299 | rross@olsonip.com |
| eccohen@brinksgilson.com | bmichalek@olsonip.com |
| mremus@brinksgilson.com | |
| omasha@brinksgilson.com | Kip T. Bollin   (0065275) |
| | THOMPSON HINE LLP |
| Mark J. Skakun | 3900 Key Center |
| Buckingham, Doolittle & Burroughs, LLC | 127 Public Square |
| 4518 Fulton Drive NW, Suite 200 | Cleveland, OH 44114-1291 |
| Canton, OH 44735-5548 | (216) 566-5500 |
| Phone (330) 491-5319 | (216) 566-5500 (fax) |
| Facsimile (330) 252-5422 | Kip.Bollin@ThompsonHine.com |
| mskakun@bdblaw.com | |
| | |
| Counsel for Plaintiff A. Schulman, Inc. | Counsel for Defendants PolyOne Corporation and PolyOne Designed Structures and Solutions LLC |