# Exhibit B

Defendants' PolyOne Corporation and PolyOne Designed Structures and Solutions L.P.R. 4.5(b) Claim Construction Chart of Terms and Support

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| A. SCHULMAN, INC., ) | |
| ) | |
| Plaintiff and Counter-Defendant, ) | Case No. 1:15 CV 1760 |
| ) | |
| v. ) | Judge Patricia A. Gaughan |
| ) | |
| POLYONE CORPORATION and ) | |
| POYLONE DESIGNED STRUCTURES ) | |
| ANS SOLUTIONS LLC ) | |
| ) | |
| Defendants and Counter-Plaintiffs. ) | |
| ) | |

**L.P.R. 4.5(b) Defendants' PolyOne Corporation and PolyOne Designed Structures and Solutions Claim Construction Chart of Terms and Support**

| Term | PolyOne Claim Construction | List of Evidence |
|---|---|---|
| a DOI of 70 or greater<br><br>*(Claims 1 and 36 of the '902 patent and Claims 1, 20, 39, 55 and 77 of the '906 patent)* | Invalid and indefinite. The term, read in light of the patent's specification and prosecution history, fails to inform a person of ordinary skill in the art, with reasonable certainty, as to how to test for DOI as required by the claims. *See, e.g., Nautilus, Inc. v. Biosig Instrs., Inc.*, 134 S.Ct. 2120 (2014). The term is also invalid for failing to meet the written description requirement and because the specification does not describe the invention in such full, clear, concise, and exact | **Intrinsic Evidence**<br><br>*'902 patent (JX1)*[1]: JA000016-17, Table 2; JA000019-20.<br><br>*Prosecution History of US Application No. 15/005,119*<br>Non-final Rejection dated 9/13/2016, pp. 11, 13 (ECF No. 61-1).<br><br>*Prosecution History of US Application No. 14/841,011*<br>Non-final Rejection dated 9/16/2016 (ECF No. 61-2).<br><br>Summary from European Patent Office of EP Oral Proceeding that resulted in revocation of Plaintiff's European |

---

[1] The column and line number identifications refer to the specification of U.S. Patent No. 8,007,902 which is a continuation of and shares the same specification as U.S. Patent No. 8,182,906.

| Term | PolyOne Claim Construction | List of Evidence |
|---|---|---|
| | terms as to enable a person of ordinary skill in the art to practice the invention. *Ariad Pharm., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336 (Fed. Cir. 2010); *In re Wands*, 858 F.2d 731 (Fed. Cir. 1988). | Patent No. 2460640/12156894.3, dated February 8, 2017 (ECF No. 67-1).<br><br>**Extrinsic Evidence**<br><br>Declaration of Dr. Gosselin, passim (ECF No. 62-1).<br><br>Rebuttal Declaration of Dr. Gosselin, passim (ECF No. 62-2).<br><br>Transcript of the deposition of Douglas Leggat, p. 49 (ECF No. 67-2).<br><br>ASTM D 5767 – 95 (Reapproved 2004), pp. 1-3 (ECF No. 61-7).<br><br>GM 4348M, table 1 (ECF No. 61-4).<br><br>BI 110-03 (ECF No. 61-8).<br><br>GMW15777<br><br>GM-9101P<br><br>GM TM-204-M<br><br>ECF. No. 57, ¶¶99, 127 |
| a DOI of 85 or greater<br><br>*(Claim 10 of the '902 patent and Claims 8 and 46 of the '906 patent)* | Invalid and indefinite. The term, read in light of the patent's specification and prosecution history, fails to inform a person of ordinary skill in the art, with reasonable certainty, as to how to test for DOI as required by the claims. *See, e.g., Nautilus, Inc. v. Biosig Instrs., Inc.*, 134 S.Ct. 2120 (2014). The term is also invalid for failing to meet the | Same as "a DOI of 70 or greater" above |

2

| Term | PolyOne Claim Construction | List of Evidence |
|---|---|---|
| | written description requirement and because the specification does not describe the invention in such full, clear, concise, and exact terms as to enable a person of ordinary skill in the art to practice the invention. *Ariad Pharm., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336 (Fed. Cir. 2010); *In re Wands*, 858 F.2d 731 (Fed. Cir. 1988). | |
| random microstructure<br><br>*(Claims 1 and 36 of the '902 patent)* | Invalid and indefinite. The term, read in light of the patent's specification and prosecution history, fails to inform a person of ordinary skill in the art, with reasonable certainty, as to the meaning of random microstructure as required by the claims. *See, e.g., Nautilus, Inc. v. Biosig Instrs., Inc.*, 134 S.Ct. 2120 (2014); *See also Ariad Pharm., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336 (Fed. Cir. 2010); | **Extrinsic Evidence**<br><br>U.S. Publication No. 2007/0293622 at ¶¶ [0025], [0034]. |
| passes a gravelometer impact test per the GM9508P standard, with a 10 pt load, at a −30° C. temperature, and at an angle of 30 degrees<br><br>*(Claims 1 and 36 of the '902 patent and Claims 1, 20, 39, 55 and 77 of* | Invalid and indefinite. The term, read in light of the patent's specification and prosecution history, fails to inform a person of ordinary skill in the art, with reasonable certainty, as to how to pass a gravelometer impact test per the GM9508P standard, with a 10 pt load, at -30 degrees C temperature and at an angle of 30 degrees as required by the claims. For example, the asserted patents provide no teaching of what | **Intrinsic Evidence**<br><br>*'902 patent (JX1):* JA000001, Abstract; JA00007, col. 3, ll. 32-34; JX00017, Table 2; JA000019, col., 27, ll. 37-39.<br><br>*Prosecution History of US Application No. 15/005,119*<br>Non-final Rejection dated 9/13/2016 (ECF No. 61-1).<br><br>*GM9508P standard, June 2002*, , p. 1; p. 2, ¶5.2.2, ¶5.3.1, ¶5.3.2, 5.3.3, ¶5.3.6, ¶5.3.8; visuals on pp. 3-10; p. 11, ¶6 (ECF No. 61-4). |

3

| Term | PolyOne Claim Construction | List of Evidence |
|---|---|---|
| *the '906 patent)* | type of damages are counted for passing. *See, e.g., Nautilus, Inc. v. Biosig Instrs., Inc.*, 134 S.Ct. 2120 (2014).<br><br>The term is also invalid for failing to meet the written description requirement and because the specification does not describe the invention in such full, clear, concise, and exact terms as to enable a person of ordinary skill in the art to practice the invention. *Ariad Pharm., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336 (Fed. Cir. 2010); *In re Wands*, 858 F.2d 731 (Fed. Cir. 1988).<br><br>"passes a gravelometer impact test" means "obtaining a rating of 7 or greater as determined by a visual comparison of the surface of a panel subjected to the test with the photographic standards (Figures 1 through 8) of the GM9508P standard, where the visual comparison accounts for any chipping, denting, cratering, cracking, marring, or other surface damage of any kind imparted by the gravel to the surface."<br><br>"10 pt load" means "10 sequential 1 pt gravel feeds, where each 1 pt gravel feed begins within 10 seconds of removing the panel from the conditioning freezer for each pint of gravel and the gravel is fed within a 10 second | Summary from European Patent Office of EP Oral Proceeding that resulted in revocation of Plaintiff's European Patent No. 2460640/12156894.3, dated February 8, 2017 (ECF No. 67-1).<br><br>**Extrinsic Evidence**<br><br>A003376-A003379 (ECF No. 61-5).<br><br>GMW14700, p. 1, ¶1.1 (ECF No. 61-9).<br><br>Declaration of Dr. Menna, passim (ECF No. 63-1).<br><br>Rebuttal Expert Report of Dr. Baghdachi, p. 2, ¶5 (ECF No. 61-10).<br><br>Transcript of the deposition of Douglas Leggat, pp. 7-8, 19-20, 33, 40, 49, 57, 70-71, and 82-83 (ECF Nos. 61-3 and 67-2).<br><br>GPT000094, GPT000113 (ECF No. 61-11).<br><br>ECF No. 57, ¶¶110, 134.<br><br>ECF No. 58.<br><br>ECF No. 61-6.<br><br>ECF No. 68.<br><br>Definition of "chip" from http://www.dictionary.com/browse/paint-chip). |

| Term | PolyOne Claim Construction | List of Evidence |
|---|---|---|
| | interval for each pint of gravel and where the air pressure should be readjusted to 70 psi for each pint of gravel"<br><br>"at a −30° C. temperature" means conditioning or reconditioning the sample at -30 C for a minimum of 4 hours separately before feeding each pint of gravel<br><br>"GM9508P standard" means the General Motors Engineering Standards, version June 2002, entitled "Chip Resistance of Coating." ("the GM9508P, June 2002 Version").<br><br>Method B that is identified in the GM9508P, June 2002 Version should be used | |
| clear polyolefin layer<br><br>*(Claims 1 of the '902 patent and Claims 1, 20, and 77 of the '906 patent)* | a polyolefin layer having no pigment of any amount and having a light transmittance of 85% or greater and a haze of 10 or less. | **Intrinsic Evidence**<br><br>*'902 patent (JX1)*: JA00008, col. 5, ll. 38-44; JA00010, col 10, ll. 15-23; JA000013-15 (examples 1 through 6).<br><br>*'906 patent (JX2)*: JA000040, col. 29, ll. 44-53. |
| colored polyolefin layer<br><br>*(Claim 1 of the '902 patent and Claims 1, 20, and 77 of the '906 patent)* | a polyolefin layer having any amount of pigment present | **Intrinsic Evidence**<br><br>*'902 patent (JX1)*: JA000008, Col. 6, ll. 23-24.<br><br>**Extrinsic Evidence**<br><br>Definition of "color" from dictionary.com, visited on February 1, 2017 (ECF No. 61-16). |

5

Dated:   March 20, 2017    Respectfully submitted,

      /s/ Arne M. Olson
Arne M. Olson (admitted *Pro Hac Vice*)
Robert J. Ross (admitted *Pro Hac Vice*)
Brian R. Michalek (admitted *Pro Hac Vice*)
OLSON & CEPURITIS, LTD
20 N. Wacker Dr., Fl. 36
Chicago, IL 60606
(312) 580-1180
(312) 580-1189 (fax)
aolson@olsonip.com
rross@olsonip.com
bmichalek@olsonip.com

Kip T. Bollin (0065275)
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, OH  44114-1291
(216) 566-5500
(216) 566-5800 (fax)
Kip.Bollin@ThompsonHine.com

Attorneys for Defendants and Counter-Plaintiffs PolyOne Corporation and PolyOne Designed Structures and Solutions LLC