**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| A. SCHULMAN, INC., ) | |
| ) | |
| Plaintiff and Counter-Defendant, ) | Case No. 1:15 CV 1760 |
| ) | |
| v. ) | Judge Patricia A. Gaughan |
| ) | |
| POLYONE CORPORATION and ) | |
| POLYONE DESIGNED STRUCTURES ) | |
| AND SOLUTIONS LLC ) | |
| ) | |
| Defendants and Counter-Plaintiffs. ) | |
| ) | |

**POLYONE CORPORATION'S AND POLYONE DESIGNED STRUCTURES AND SOLUTIONS LLC'S MOTION FOR LEAVE TO SUPPLEMENT THE CLAIM CONSTRUCTION RECORD WITH NEW AND PREVIOUSLY UNAVAILABLE EVIDENCE**

PolyOne Corporation and PolyOne Designed Structures and Solutions LLC ("PolyOne") respectfully request leave from this Court to supplement the claim construction record with new—and previously unavailable—relevant evidence. This evidence is 1) the European Patent Office Written Order (enclosed as Exhibit A) and 2) the European Patent Office Minutes of Oral Proceedings (enclosed as Exhibit B) that revoked European Patent No. EP-B-2460640 to A. Schulman, Inc. ("ASI"). This revoked European patent shared the same priority date, related disclosure, and identical DOI and Gravelometer claims limitations as that of the U.S. Patent Nos. 8,007,902 and 8,182,906 that are asserted in this litigation.

Both pieces of evidence issued on March 22, 2017. Therefore, they were not available for inclusion in PolyOne's March 9, 2017 claim construction submission or PolyOne's March 21, 2017 Reply submission. Because the European Patent Office's Opposition Division had orally granted this revocation earlier, PolyOne promised the Court in its Responsive brief that it would provide it with a copy of this written opinion once it issued. (ECF No. 66, p. 8; *See also* ECF No. 67-1).

The European patent was revoked because the Gravelometer and DOI claim limitations were found to be insufficiently disclosed and uncertain, i.e., indefinite.[1] The grounds for revocation under Article 100(b) of the European Patent Convention are: "the European patent does not disclose the invention in a manner sufficiently clear and complete for it to be carried out by a person skilled in the art." (European Patent Convention, Art. 100(b); Ex. A, p. 9). This is relevant because these same issues are central to the parties' current claim construction positions that are pending before this Court. And while not precedential or binding, Courts have held that

---

[1] ASI's DOI and Gravelometer arguments in the European case were virtually the same as the arguments it made in its Opening Claim Construction brief. *Cf.*, e.g. ECF No. 58, p. 14 and Ex. C (ASI's European Remarks), p. 6. Revoked European Patent No. EP2460640 is attached as Ex. D.

decisions made by foreign patent offices are helpful, relevant, and can be persuasive in United States actions. *Warner-Jenkinson Co. v. Allied Chem. Corp.*, 477 F. Supp. 371, 386–87 (S.D.N.Y. 1979), *aff'd,* 633 F.2d 208 (2d Cir. 1980) ("While the decisions of the two foreign patent offices 'are in no way controlling upon this court… [t]he opinions of such men, learned, able and disinterested, officially expressed after thorough examination, are persuasive to say the least.'") (internal citations and quotations omitted); *Caterpillar Tractor Co. v. Berco, S.P.A.*, 714 F.2d 1110, 1116 (Fed. Cir. 1983) ("… there is ample such authority in decisions of other courts and when such matters comprise relevant evidence they must be considered.").[2]

Indeed, in revoking ASI's European patent, the European Patent Office's reasoning is aligned with many of the outstanding issues presently before this Court:

- "According to the opinion of the opposition division, there is no plausible reason why a skilled person should only use the method according to GM4348M as mentioned in GM9508P for measuring the DOI." (Ex. A, p. 9).

- "As can be taken from section 1.1 of [the standard GM9508P], the standard GM4348M is mentioned not in relation to a DOI measurement, but in the context of different zones A, B or C of an exterior body. Thus, any of the available DOI methods may be used which leads to uncertainty with respect to said parameter." (Ex. A, pp. 9-10).

- "The standard GM9508P as mentioned in claim 1 of the opposed patent is not intended to be used for multilayered polymeric structures." (Ex. A, p. 10).

- "Keeping this significant modification with respect to standard GM9508P in mind, there is also uncertainty with respect to said parameter." (Ex. A, p. 10).

- "The opposition division is of the opinion that the opposed patent does not provide sufficient teaching to enable a skilled person to achieve a multilayer structure comprising two propylene/ethylene copolymer layers as defined in claim 1 of the opposed patent, having a DOI of 70 or greater and at the same time passing a gravelometer impact test per the GM9508P standard, with a 10 pt load, at a temperature of -30°C, and at an angle of 30 degrees, in a reliable manner." (Ex. A, pp. 10-11).

---

[2] ASI refused to provide PolyOne consent for filing this motion on grounds that the "EPO proceeding is irrelevant as a matter of law." (Ex. E). ASI, however, provided no legal authority supporting this position.

2

- "However, given the fact that there is no information exactly how to carry out the test methods for measuring the DOI and the gravelometer impact test and how to reliably obtain those parameters, there is no generalizable teaching in the opposed patent which might guide a skilled person how to select the copolymers and/or additives and/or other structural properties in order to achieve the required DOI in combination with the passing of the gravelometer impact test." (Ex. A, p. 12).

- "The examples presented in the patent-in-suit do not disclose measurements of the DOI. The DOI cannot be determined reliably. The gravelometer test is highly subjective." (Ex. B, p. 3).

This evidence, as shown above, is particularly relevant because the findings of the European Patent Office's Opposition Division relate to the underlying facts about the DOI and Gravelometer limitations—which are the same in any jurisprudence—and not the legal nuances of European patent law.

Given the relevance of this newly published evidence and to assist the Court with the currently pending claim construction issues, PolyOne respectfully requests grant of its motion for leave to supplement the intrinsic claim construction evidentiary record.


Dated:  March 28, 2017                    Respectfully submitted,

                                          　  /s/  Arne M. Olson                  
                                          Arne M. Olson (admitted *Pro Hac Vice*)
                                          Robert J. Ross (admitted *Pro Hac Vice*)
                                          Brian R. Michalek (admitted *Pro Hac Vice*)
                                          OLSON & CEPURITIS, LTD
                                          20 N. Wacker Dr., Fl. 36
                                          Chicago, IL 60606
                                          (312) 580-1180
                                          (312) 580-1189 (fax)
                                          aolson@olsonip.com
                                          rross@olsonip.com
                                          bmichalek@olsonip.com

                                          Kip T. Bollin         (0065275)
                                          THOMPSON HINE LLP
                                          3900 Key Center
                                          127 Public Square

Cleveland, OH  44114-1291
(216) 566-5500
(216) 566-5800 (fax)
Kip.Bollin@ThompsonHine.com

Attorneys for Defendants and Counter-Plaintiffs PolyOne Corporation and PolyOne Designed Structures and Solutions LLC

4

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the forgoing document was served on March 28, 2017 upon the following counsel of record in the manner listed:

<u>VIA ECF</u>
Mark Skakun, Esq.
Buckingham, Doolittle & Burroughs, LLC
4518 Fulton Drive NW, Suite 200
Canton, OH 44735-5548
mskakun@bdblaw.com

Eric C. Cohen, Esq.
Mark H. Remus, Esq.
Oluwafemi L. Masha, Esq.
Jon H. Beaupre, Esq.
BRINKS GILSON & LIONE
NBC Tower - Suite 3600
455 N. Cityfront Plaza Drive
Chicago, Illinois 60611
eccohen@brinksgilson.com
mremus@brinksgilson.com
omasha@brinksgilson.com
jbeaupre@brinksgilson.com

                                      /s/ Arne M. Olson
                          One of the Attorneys for Defendants and
                          Counter-Plaintiffs POLYONE CORPORATION
                          and POLYONE DESIGNED STRUCTURES AND
                          SOLUTIONS LLC