UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| A. SCHULMAN, INC., | ) | |
| | ) | |
| Plaintiff- Counter-Defendant, | ) | Case No. 1:15-cv-1760 |
| | ) | |
| vs. | ) | Judge Patricia A. Gaughan |
| | ) | |
| POLYONE CORPORATION, and | ) | |
| SPARTECH LLC, | ) | |
| | ) | |
| Defendants-Counter-Plaintiffs. | ) | |

**A. SCHULMAN, INC.'S OPPOSITION TO POLYONE CORPORATION'S AND SPARTECH LLC'S RENEWED MOTION FOR ATTORNEYS' FEES PURSUANT TO 35 U.S.C. § 285**

Eric C. Cohen
Mark H. Remus
Brinks Gilson & Lione
NBC Tower – Suite 3600
455 N. Cityfront Plaza Drive
Chicago, IL 60611
Phone (312) 321-4224
Facsimile (312) 321-4299
eccohen@brinksgilson.com
mremus@brinksgilson.com

Mark J. Skakun
Justin S. Greenfelder
Buckingham, Doolittle & Burroughs, LLC
4518 Fulton Drive NW, Suite 200
Canton, OH 44735-5548
Phone (330) 491-5319
Facsimile (330) 252-5422
mskakun@bdblaw.com
jgreenfelder@bdblaw.com

Attorneys for Plaintiff A. Schulman, Inc.

# TABLE OF CONTENTS

I.     INTRODUCTION ........................................................................................................1

II.    ARGUMENT ...............................................................................................................3

    A.    Applicable Case Law Requires That PolyOne's Fee Motion Be
Denied ............................................................................................................3

    B.    PolyOne Grossly Mischaracterizes ASI's Pre-Litigation Conduct,
Which Provides No Basis For A Fee Award ..........................................................4

        1.    Background ...............................................................................................4

        2.    ASI Did Not "Know That The DOI Limitation Was
Indefinite" Prior To Filing Its Complaint ...................................................5

        3.    ASI's February 3, 2015 Letter Does Not Support
PolyOne's Argument .................................................................................6

        4.    PolyOne Did Not Focus On Indefiniteness ..................................................6

        5.    The USPTO Rejection In A Related Patent Application
Does Not Support PolyOne's Argument .......................................................6

    C.    ASI Cited Relevant And Applicable Law In Support Of Its
Position On DOI .............................................................................................7

    D.    ASI's Position On The DOI Limitation Was Consistent Before The
USPTO And This Court ...................................................................................8

        1.    ASI's Claim Construction Did Not Change ..................................................8

        2.    ASI's Claim Construction Was Well-Grounded In Law
And In Fact .............................................................................................10

    E.    ASI's Proposed Gravelometer Construction Does Not Support
PolyOne's Motion .........................................................................................13

    F.    ASI Conducted An Adequate Pre-Filing Investigation ........................................14

III.    CONCLUSION .........................................................................................................15

# TABLE OF AUTHORITIES

## **Cases**

*Auto-Kaps, LLC v. Clorox, Co.*,
  15-Civ-1737, slip op. at 3 (E.D.N.Y., March 27, 2017) ...................................................... 5

*BASF Corp. v. Johnson Matthey Inc.*,
  875 F.3d 1360 (Fed. Cir. 2017) .................................................................................... 8

*Cf. Callaway Golf Co. v. Acushnet Co.*,
  576 F.3d 1331 (Fed. Cir. 2009) .................................................................................... 6

*Checkpoint Sys., Inc. v. All-Tag Seg. S.A.*,
  858 F.3d 1371 (Fed. Cir. 2017) .............................................................................. 1, 14

*Cox Commc'ns, Inc. v. Sprint Comm'n Co.*,
  838 F.3d 1224 (Fed. Cir. 2016) .................................................................................... 7

*Datamize, LLC v. Plumtree Software, Inc.*,
  417 F.3d 1342 (Fed. Cir. 2003) .................................................................................... 8

*Dow Chem. Co v Nova Chemicals Corp. (Canada)*,
  803 F.3d 620 (Fed. Cir. 2015) ..................................................................................... 2

*Dow Chem. Co. v. Nova Chemicals Corp. (Canada)*,
  809 F.3d 1223 (Fed. Cir. 2015) .......................................................................... 2, 7, 8

*Dynamic Drinkware, LLC v. Nat'l Graphics, Inc.*,
  800 F.3d 1375 (Fed. Cir. 2015) .................................................................................. 13

*Enzo Biochem, Inc. v. Applera Corp.*,
  599 F.3d 1325 (Fed.Cir.2010) ...................................................................................... 8

*Facebook, Inc. v. Sound View Innovations, LLC*,
  Case IPR2017-00998, slip op. at 10 (PTAB September 5, 2017) ....................................... 7

*Gaymar Indus., Inc. v. Cincinnati Sub-Zero Prods., Inc.*,
  790 F.3d 1369, 1373 (Fed. Cir. 2015) .......................................................................... 1

*Halliburton Energy Servs., Inc. v. M–I LLC*,
  514 F.3d 1244 (Fed.Cir.2008) ...................................................................................... 8

*Hoffmann-La Roche Inc. v. Invamed Inc.*,
  213 F.3d 1359 (Fed. Cir., 2000) ............................................................................ 14, 15

*Interval Licensing LLC v. AOL, Inc.*,
  766 F.3d 1364 (Fed. Cir. 2014) .................................................................................... 8

*Kilopass Tech. Inc. v. Sidense Corp.*,
  No. C 10-02066 SI, 2014 LEXIS 112321 (N.D. Cal. Aug. 12, 2014) ............................... 10

ii

*Nautilus, Inc. v. Biosig Instruments, Inc.*,
134 S. Ct. 2120 (2014) ............................................................................ 1, 2, 7, 8

*Octane Fitness, LLC v. Icon Health & Fitness, Inc.*
134 S. Ct. 1749 (2014) ................................................................................... 1, 3

*Oil States Energy Services, LLC v. Greene's Energy Group, LLC,*
138 S. Ct. 1365 (2018) ....................................................................................... 12

*Power Integrations, Inc. v. Lee*,
797 F.3d 1318 (Fed. Cir. 2015) ............................................................................ 7

*Pure Fishing, Inc. v. Normark Corp.*,
No. 10-CV-2140-CMC, 2014 WL 5474589 (D.S.C. 2014) .............................. 10

*Sarif Biomed. LLC v. Brainlab, Inc*.,
2016 U.S. Dist. LEXIS 132127 (D. Del. Sep. 27, 2016) ..................................... 7

*Sarif Biomedical LLC v. Brainlab, Inc.,*
No. 2017-1103 (Fed. Cir. March 21, 2018) ........................................................ 7

*Sonix Tech. Co. v. Publications Int'l, Ltd.,*
844 F.3d 1370 (Fed. Cir. 2017) ........................................................... 4, n.5, 7 n.8

*Sonix Tech. Co. v. Publications Int'l, Ltd.,*
2016 U.S. Dist. LEXIS 51856, *2 (N.D. Ill. 2016) ................................. 4, 13, 14

*Takeda Pharm. Co. v. Zydus Pharm. USA, Inc.*,
743 F.3d 1359 (Fed. Cir. 2014) ....................................................................... 7, 8

*Tinnus Enter., LLC v. Telebrands Corp.*,
846 F.3d 1190 (Fed. Cir. 2017) ........................................................................... 7

*United States v. Levy*,
904 F.2d 1026 (6th Cir.1990), *cert. denied*, 498 U.S. 1091 (1991)..................... 14

## I.      INTRODUCTION

This is not an "exceptional" case.[1]  This is a case in which Plaintiff A. Schulman, Inc. ("ASI") had evidence that the Defendants' products did, in fact, infringe the claims in the patent, based on independent tests conducted both before and after the lawsuit was filed.  ASI also prevailed in three USPTO *ex parte* reexaminations,[2] over Defendants' challenges citing more than 10 prior art references.  During litigation, Defendants alleged that the patent was invalid for several reasons, including indefiniteness.  The Court found that the DOI limitation was indefinite,  and found against ASI.  This is a common factual scenario in patent cases.  "[F]ee awards are not to be used 'as a penalty for failure to win a patent infringement suit.'" *Checkpoint Sys., Inc. v. All-Tag Seg. S.A.,* 858 F.3d 1371, 1376 (Fed. Cir. 2017); *Gaymar Indus., Inc. v. Cincinnati Sub-Zero Prods., Inc*., 790 F.3d 1369, 1373 (Fed. Cir. 2015) (citations omitted).

In their attempt to turn a common patent case into an "exceptional" case, Defendants PolyOne Corp. and Spartech LLC (collectively "PolyOne") take significant liberties in describing ASI's litigation conduct.  But those allegations are unsupported by the record.

While ASI's position on indefiniteness was found to be incorrect, it was supported with citations to the patent and prosecution history, contemporaneous General Motors standards, and two declarations of an expert.  Contrary to PolyOne's arguments, ASI did not "ignore" the decision in *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120 (2014).  ASI relied on *Nautilus* and Federal Circuit cases decided thereafter in light of *Nautilus*.  (*See* Dkt. No. 68.) The degree to which *Nautilus* changed the law was subject to reasonable debate.  *Dow Chem.*

---

[1] *See* 35 U.S.C. §285, and *Octane Fitness, LLC v. Icon Health & Fitness, Inc.,* ___U.S. ___, 134 S. Ct. 1749, 1756 (2014).

[2] Ex. A, Request for Reexamination no. 90/013,513; Ex. B Request for Reexamination no. 90/013,612.

*Co. v. Nova Chemicals Corp. (Canada)*, 809 F.3d 1223, 1224-1228 (Fed. Cir. 2015) ("*Dow II*").[3]
In *Dow II*, Judge Moore's concurring opinion, joined by four judges and endorsed by three more, illustrated that indefiniteness is a complex issue as it requires (1) an examination of extrinsic evidence, (2) a determination of whether a POSA "would understand the scope of the claim when read in light of the specification," and (3) both of which are "evaluated in light of knowledge extant in the art at the time the patent application is filed." *Id*. Important to this case, Judge Moore also stated that "the patent need not disclose what a skilled artisan would already know," and further recognized that "*Nautilus* did not change any of those principles." *Id.* at 1224-1228. Notably, PolyOne does not cite, and ASI has not been able to locate, a single case in which a Court awarded fees based on a finding of indefiniteness.

ASI's litigation conduct was reasonable and does not support a fee award. The bullet points at page 1 of PolyOne's brief are misleading at best, as shown below:

- In pre-litigation correspondence, PolyOne did not provide evidence of indefiniteness; it argued only that there were different methods for measuring DOI.[4] PolyOne did not raise this issue until 17 months after being provided with notice of infringement, and raised it in conjunction with multiple issues to be discussed at a pre-litigation conference.

- PolyOne mischaracterizes a quote in an email to support its argument that ASI "was unsure what test to use." ASI had, in fact, tested its own products for DOI for purposes of obtaining its patents, and it tested the Spartech Samples for DOI in 2012. ASI knew how to test DOI.

- ASI did not "refuse to test PolyOne's products." ASI reasonably requested an extension of time to test samples PolyOne produced in litigation because PolyOne had not produced sufficient documents to identify the samples, and the testing

---

[3] Denying rehearing of *Dow Chem. Co. v Nova Chemicals Corp. (Canada)*, 803 F.3d 620 (Fed. Cir. 2015) ("*Dow I*").

[4] "The burden of proving indefiniteness includes proving not only that multiple measurement techniques exist, but that one of skill in the art would not know how to choose among them." *Dow II,* 809 F.3d at 1227 (Fed. Cir. 2015) (en banc, concurring opinion of Judge Moore, joined by Judges Newman, O'Malley, Taranto, and Chen).

would be destructive.  (Ex. J, *Joint Status Report for October 20, 2016 Status Conference* at 2-4.)  The testing evidenced infringement.  (*See* Ex. D.)

- The record does not support PolyOne's argument that "ASI identified different technical standards or instruments to measure the DOI limitation." ASI cited GM4348M as the standard for measuring DOI in this Court and the USPTO. The other standards cited in the USPTO, pursuant to the duty of disclosure (37 C.F.R. 1.56), were instructions for using one of the instruments approved in GM4348M, or themselves cited GM4348M as the DOI standard.  ASI's position was consistent.

- This Court found that only one statement from Dr. Baldachi's two declarations was "conclusory," but not the entirety of both declarations.  (Dkt. 76 at 10, n.2.)

- PolyOne agreed (Dkt. 66 at 2, n.1) with ASI's expert-supported definition that a "POSA would have been able to understand the relevant requirements and specifications of the auto industry" (Dkt. 58 at 8), but inconsistently criticizes ASI's expert for opining about the auto industry, which was the industry for which the products of the invention were intended.  (Dkt. 92-1 at 1.)

- ASI did not "reverse engineer," its claim construction regarding the gravelometer limitation.  The allegedly withheld document post-dated the invention and was irrelevant in any event, and the so-called "new evidence" was provided to PolyOne months earlier and cited in ASI's expert report.

In sum, PolyOne cannot meet its burden to prove that this is an "exceptional case."

## II.   ARGUMENT

### A.   Applicable Case Law Requires That PolyOne's Fee Motion Be Denied

A court may award fees in a patent case only in "exceptional cases."  35 U.S.C.

§285.  "[A]n 'exceptional' case is simply one that stands out from others with respect to the

substantive strength of a party's litigating position (considering both the governing law and the

facts of the case) or the unreasonable manner in which the case was litigated . . . considering the

totality of circumstances . . . ." *Octane Fitness LLC v. Icon Health & Fitness, Inc.*, ___U.S. ___,

134 S. Ct. 1749, 1756 (2014).  It is the "substantive strength of the party's litigating position"

that is relevant to an exceptional case determination, not the correctness or eventual success of

that position." *Id.*  In a case strikingly similar on its facts, the district court in *Sonix Tech. Co. v.*

3

*Publications Int'l, Ltd.,* 2016 U.S. Dist. LEXIS 51856, *2 (N.D. Ill. 2016), determined that a patent was invalid for indefiniteness, but denied defendants' § 285 motion for attorneys' fees. Like the present case, *Sonix* involved an *ex parte* reexamination wherein the USPTO had confirmed the patentability of the claims of the patent. *Id.* at *4. The *Sonix* court rejected defendants' arguments that there was no evidentiary basis for the plaintiff's assertion of infringement, because "the Court's summary judgment ruling did not address the parties' infringement arguments nor will the Court make any such determinations here." *Id.* at *9.[5] The *Sonix* court also rejected the same type of litigation conduct arguments PolyOne asserts here. *Id.* at *7-15.

     **B.**    **PolyOne Grossly Mischaracterizes ASI's Pre-Litigation Conduct, Which Provides No Basis For A Fee Award**

PolyOne bases the majority of its argument in support of a fee award on the alleged unreasonableness of ASI's pre-litigation conduct. But, PolyOne provides an inaccurate picture of the parties' communications and ASI's position. As such, ASI will set the record straight.

       1.    **Background**

On May 5, 2008, Dennis Smith, the inventor, filed a provisional application that eventually matured into the two patents-in-suit ("the ASI patents"). (Dkt. 34, ¶ 8.) In 2009, Spartech, Inc., a predecessor-in-interest to PolyOne, inspected the manufacturing line for ASI's sheet-making business that made sheets covered by Mr. Smith's invention, for the purpose of considering whether to purchase that business from ASI. (Dkt. 34, ¶¶11-17.) In late 2012, ASI obtained a sample of products from a third party, who represented that such products were made by Spartech (the "Spartech Samples"). *Id.* at ¶ 18. ASI engaged an independent lab, Ghesquiere

---

[5] The Federal Circuit reversed the district court's holding that the patents were indefinite. *Sonix Tech. Co. v. Publ'ns Int'l, Ltd.*, 844 F.3d 1370, 1377-79 (Fed. Cir. 2017).

Plastic Testing, Inc. ("Ghesquiere"), which tested the Spartech Samples for five different properties: gloss, distinctiveness of image ("DOI"), Rockwell "R" Hardness, gravelometer impact at an angle of 30 degrees with 10 pints of gravel, and thickness, which were each recited in the claims of the ASI patents.  (Ex. C at p. 2.)  The test results evidenced that the Spartech Samples infringed the ASI patents. (Dkt. 34 at ¶ 18.)  On or about March 1, 2013, ASI gave Spartech notice of infringement. *Id.* at ¶ 6.  Spartech was subsequently acquired by PolyOne. *Id.*

>            2.       **ASI Did Not "Know That The DOI Limitation Was Indefinite" Prior To Filing Its Complaint**

PolyOne mischaracterizes an email and a letter from its in-house counsel as "warnings" that the DOI limitation was indefinite. (Dkt. 92-1 at 2-3.)  The parties' pre-litigation correspondence, reviewed as a whole and in context, belies that argument.  First, PolyOne's pre-litigation arguments focused mostly on other defenses, e.g., that the ASI patents were invalid as obvious or anticipated by prior art, and that the Spartech Samples were not Spartech products. (Ex. M.)  PolyOne's prior art argument was rejected by the USPTO in the reexaminations (Ex. A at JA012845-48; Ex. B at JA007794-97), and testing conducted on samples PolyOne produced in litigation (Ex. D) evidenced infringement and confirmed the results of ASI's previous tests of the Spartech Samples.  (*See* Ex. C.)  PolyOne raised indefiniteness late in the parties' communications (Dkt. 92-3) and filed its request for reexamination (Ex. A at JA007827) before the parties had an opportunity to fully explore that issue.  PolyOne defined the DOI limitation in its May 26, 2015 reexam request, but did not argue indefiniteness. (Ex. A at JA007856.)  Thus, the indefiniteness issue was not cut and dry in August 2014, as PolyOne argues.

Thus, PolyOne's contentions that it "warned" ASI that its patents were invalid or that ASI "knew that the DOI limitation was indefinite" are incorrect.  In *Auto-Kaps, LLC v. Clorox, Co.*, 15-Civ-1737, slip op. at 3 (E.D.N.Y., March 27, 2017)the court rejected a similar argument:

"Claims of baselessness are held to a 'high bar,' . . . and [defendant's] argument that it sent [plaintiff] a pre-litigation letter that mirrors this court's summary judgment holding fails to even approach that bar."

### 3. ASI's February 3, 2015 Letter Does Not Support PolyOne's Argument

In 2012, ASI tested the Spartech Samples for five different properties recited in the claims, including DOI. PolyOne's argument that "ASI did not know what test procedures should be used" (Dkt. 92-1 at 3) is based on an altered quotation in which PolyOne added the bracketed term "[DOI]," which changes the meaning of the quotation. ASI's February 3, 2015 letter, for purposes of settlement, sought a route to determine infringement. Fairly construed and in context, the unaltered quotation does not support PolyOne's argument.

### 4. PolyOne Did Not Focus On Indefiniteness

PolyOne did not focus its defense of this case on indefiniteness. In the April 29, 2016 Report of Parties Planning Meeting, PolyOne objected to ASI's recommendation to expedite claim construction. (Dkt. 39 at 5.) PolyOne stated its intent to file an early motion for summary judgment based on the "on sale" bar of 35 U.S.C §102(b). *Id.* at 6-7. No such motion was ever filed. In its July 19, 2016 invalidity contentions, which spanned 234 pages, PolyOne raised multiple defenses of prior art anticipation, obviousness, written description, enablement, and, listed last, indefiniteness. (Ex. E at pp.146-152.)

### 5. The USPTO Rejection In A Related Patent Application Does Not Support PolyOne's Argument

The non-final USPTO examiner's rejection in a related patent application was not evidence that the DOI limitation was indefinite. (Dkt. 92-1 at 3-4.) This Court did not rely on it. (Dkt. 76 at 11, n. 3.)[6]; *cf. Callaway Golf Co. v. Acushnet Co.*, 576 F.3d 1331 (Fed. Cir. 2009).

---

[6] The USPTO applies "different standards for claim construction and different guidance from our

Further, another court under more compelling circumstances held that the USPTO's finding of indefiniteness did not render a case exceptional.  *Sarif Biomed. LLC v. Brainlab, Inc*., 2016 U.S. Dist. LEXIS 132127 (D. Del. Sep. 27, 2016).  During that lawsuit, the PTAB found claims of the plaintiff's patent indefinite, and refused to institute *inter partes* review.  *Id*. at *2.  The district court subsequently held the claims invalid for indefiniteness.  *Id.*  The defendants moved for fees, contending that "the PTAB's finding of indefiniteness should have made clear" that there was no basis for the patent owner's continued litigation.  *Id.* at *4-*5.  The court disagreed, based on the different standards employed by the courts and the USPTO to assess claim terms.  *Id.* at *6. (citation omitted).  Chief Judge Stark of the District of Delaware[7] concluded, "in comparison to the full panoply of patent cases with which it has been involved, . . . nothing about the instant case stands out as 'exceptional.'"  *Id.* at *8.  The Federal Circuit affirmed.  *Sarif Biomedical LLC v. Brainlab, Inc.,* 2018 U.S. App. LEXIS 7447 (Fed. Cir. March 21, 2018).

### C.    ASI Cited Relevant And Applicable Law In Support Of Its Position On DOI

ASI did not ignore *Nautilus*, as PolyOne contends.  ASI cited *Nautilus* and post-*Nautilus* Federal Circuit decisions in support of its arguments.[8]  ASI also cited *Takeda Pharm. Co. v. Zydus Pharm. USA, Inc.*, 743 F.3d 1359, 1366 (Fed. Cir. 2014), decided about six months prior

---

reviewing courts in assessing definiteness."  *Facebook, Inc. v. Sound View Innovations, LLC*, Case IPR2017-00998, slip op. at 10 (PTAB September 5, 2017) (Paper 13) (citing *Power Integrations, Inc. v. Lee*, 797 F.3d 1318, 1326 (Fed. Cir. 2015)).  Even a "final rejection" by the examiner is not a final decision by the agency because it can be appealed to the Patent Trial and Appeal Board.  35 U.S.C. § 141(a).

[7] 776 patent cases were filed in the District of Delaware in 2017, the second most in the country. https://lexmachina.com/lex-machina-q4-litigation-update/.

[8] Dkt. 68, citing *Cox Commc'ns, Inc. v. Sprint Comm'n Co.*, 838 F.3d 1224 (Fed. Cir. 2016); *Sonix Tech. Co. v. Publ'ns Int'l, Ltd.*, 844 F.3d 1370 (Fed. Cir. 2017); *Tinnus Enter., LLC v. Telebrands Corp.*, 846 F.3d 1190 (Fed. Cir. 2017); (Dkt. 75 at p. 7), citing *Dow II* for the proposition that indefiniteness is a jury issue where there is a factual dispute.

to *Nautilus*, for a proposition that *Nautilus* arguably did not change: different testing methods must yield *substantially different results* to invalidate a claim for indefiniteness. ASI was careful to disclose that *Takeda* was decided six months prior to *Nautilus*, and pointed out that the *Takeda* court did not use the "insolubly ambiguous" formulation that was rejected by the Supreme Court. (Dkt. 68 at 16-17, n. 7.) Further, other Federal Circuit decisions have made clear that not all pre-*Nautilus* Federal Circuit precedent on indefiniteness has been discarded.[9] Thus, ASI's legal position, while not accepted, was reasonable.

### D.   ASI's Position On The DOI Limitation Was Consistent Before The USPTO And This Court

#### 1.   ASI's Claim Construction Did Not Change

No evidence supports PolyOne's argument that "ASI told different DOI stories. . . ." (Dkt. 92-1 at 6.) ASI informed the USPTO examiners in each of PolyOne's reexaminations that "a recognized standard for measuring DOI *is found in GM4348M*." (Ex. A at JA0012721; Ex. B at JA007745.) Likewise, ASI informed this Court that "[a] POSA would understand, given the patent specification, that *DOI is determined by measurement using any of the approved DOI measurement instruments listed in GM 4348M section 3.1.5*." (Dkt. 58 at 13.) GM4348M approved four instruments for measuring DOI:

> 3.1.5.  The following inspection devices are approved for use in measuring the following appearance attributes:

---

[9] Indeed, the Federal Circuit has continued to cite with approval a number of decisions relating to indefiniteness that were issued prior to *Nautilus*:  *Dow II*, 809 F.3d at 1225 ("It has long been the case that the patent need not disclose what a skilled artisan would already know. *Wellman, Inc. v. Eastman Chem. Co*., 642 F.3d 1355, 1367 (Fed.Cir.2011). . . ."; *Presidio Components v. American Technical Ceramics* , 875 F.3d 1367, 1377 (2017); *Interval Licensing LLC v. AOL, Inc*., 766 F.3d 1364, 1370, 1371 (Fed. Cir. 2014) (citing *Enzo Biochem, Inc. v. Applera Corp*., 599 F.3d 1325, 1335 (Fed.Cir.2010), quoting *Datamize, LLC v. Plumtree Software, Inc*., 417 F.3d 1342, 1350 (Fed. Cir. 2003), and citing *Halliburton Energy Servs., Inc. v. M–I LLC*, 514 F.3d 1244, 1251 (Fed.Cir.2008)); *see also, BASF Corp. v. Johnson Matthey Inc.*, 875 F.3d 1360, 1366 (Fed. Cir. 2017) (citing pre-*Nautilus* Federal Circuit decisions).

> **_DOI_**:   ATI Industries-Midel 1864 from ADC at (313)-589-1580, BYK-Gardner Model GB 4816 at 9104 Guifford Road/Columbia, MD 21046/Phone 800-343-7721, Hunter Dor-I-Gon, or glowbox.

(Ex. F at JA007186.)  ASI reasonably suggested that GM's approval of those instruments is evidence that each of those instruments yielded equivalent results (Dkt. 68 at 16-17).

In an attempt to confuse the issue, PolyOne's cites the use of "the GM9101P standard" by Ghesquiere.  But, GM9101P was simply a set of instructions for using a "glowbox," one of the four approved measurement devices listed in GM4348M.  So this is not a "different DOI story."[10]  Likewise, GMN10044 is not a different DOI standard, but instead cites GM4348M as the DOI standard.  It states at page 3, "DOI, Distinctiveness of Image reflected by paint film, _DOI meter see_ **GM4348M** _section 3.1.3.5_."  (Ex. B at JA007718, emphasis added).

PolyOne disingenuously argues that ASI cited Rhopoint instrument as a standard for measuring DOI at the time of the invention.  (Dkt. 92-1 at 6.)  This is not true.  PolyOne argued in the reexams that the DOI limitation was "inherent" in the prior art, and its expert opined, "a person of ordinary skill in the art would understand that highly glossy surfaces also tend to have relatively high DOI values."  (Ex. A at  JA008639; JA007864.)  Dennis Smith, the inventor, refuted that opinion by demonstrating to the USPTO with a portable Rhopoint DOI instrument that a sample having high gloss did not also have a high DOI.  (_Id._ at JA12717, JA12384.)  Mr. Smith informed the examiners that the Rhopoint instrument "was not in production at the time of the priority date of the application," but "would produce results very closely in line with

---

[10] There is no evidence that ASI told Ghesquiere "to test accused products in 2012 using the 1991 GM9101P standard," as PolyOne argues. (Dkt. 92-1 at 6.)  Moreover, the Ghesquiere witness testified that the only instrument Ghesquiere had for testing DOI was the glowbox: "Well, we were referred to a different test standard, I think it was GM90 or 4348 or something.  * * *  And there are really two ways to run DOI. _We only run one of them and that's this one_ [referring to GM9101P]. That's what they opted for."  Ex. K, Douglas N. Leggat Dep., 46:9-47:11.

instrumentation available at the time of the priority date." (*Id.* at JA12384.) ASI did not cite the

Rhopoint instrument as a standard in its USPTO claim construction:

> *A recognized standard for measuring DOI is found in GM4348M* []; see also
> U.S. Pat. No. 6,326,428, col. 1, lines 53-58 [], which refers to GM Method
> 9101-P, which utilizes a 'glow box,' which is one of the approved apparatus
> specified in GM4348M[].

(*Id.* JA012721.) Because ASI did not change its position, the cases PolyOne relies on at page 7

of its brief, *Kilopass Tech. Inc. v. Sidense Corp.*, No. C 10-02066 SI, 2014 LEXIS 112321 (N.D.

Cal. Aug. 12, 2014),[11] and *Pure Fishing, Inc. v. Normark Corp.*, No. 10-CV-2140-CMC, 2014

WL 5474589 (D.S.C. 2014), are inapposite and entirely distinguishable on their facts.

In sharp contrast to ASI, PolyOne changed its position on the DOI limitation. Its May

26, 2015 request for reexamination did not argue that the DOI limitation was indefinite, but that

DOI could be measured by "any DOI method," demonstrating that indefiniteness was not

PolyOne's primary defense as of May 26, 2015. (Ex. A, Req. Reexam at 30.) PolyOne then

argued that this Court should stay this lawsuit because the reexaminations "may help identify the

appropriate meaning for the DOI limitation." (Dkt. 19-1 at 8.) After PolyOne lost the

reexaminations, it argued the opposite. (Dkt. 66 at 6-8.)

      2.      **ASI's Claim Construction Was Well-Grounded In Law And In Fact**

Even though this Court and the Federal Circuit did not agree with them, ASI submits that

its arguments regarding DOI were reasonably supported by the specification, claims, expert

testimony, and by Federal Circuit case law. It was undisputed that a POSA "would have been

---

[11] In *Kilopass*, the patent owner argued a construction before the court that was "reasonable . . .
at the outset of the case." *Id.* at *33. However, the patent owner argued a position before the
USPTO that was "clearly irreconcilable" with its argument to the court. *Id.* After an
unfavorable ruling by the court, the patent owner attempted to change its position before the
USPTO.

able to understand the relevant requirements and specifications of the auto industry." (Dkt. 58 at 8; Dkt.66 at 2, n.1.)  Thus, ASI submitted that a POSA would have looked to GM4348M for the DOI standard because it was necessary to read at least part of GM4348M to understand how to run the "gravelometer impact test per GM9508P."  This Court agreed that it was necessary to consult GM4348M to determine the "zone."  (Dkt. 76 at 9.)  ASI's position was that General Motors' approval of the four DOI instruments listed in GM4348M was evidence that each of those approved instruments yielded equivalent results.  (Dkt. 68 at 16-18.)  Under ASI's theory of the case, it was not necessary to "tell which one to use."  (Dkt. 92-1 at 8.)

PolyOne also places undue weight on the Rule 36 judgment issued by the Federal Circuit. Rule 36 judgments are frequently used by the Federal Circuit in cases where a written opinion would not have precedential value and, *inter alia*, is based on findings that are not clearly erroneous.  FED. CIR. R. 36.  From 2013 through 2017, the Federal Circuit decided over 30% of appeals from district courts with Rule 36 judgments.[12]  Thus far in 2018, 40 out of 108 Federal Circuit decisions from district courts were Rule 36 judgments.[13]  Given its frequency of use, a Rule 36 judgment cannot reasonably be construed as a measure of the strength of a case.

ASI supported its claim construction arguments with two declarations of an expert.  This Court did not reject the entirety of both declarations as "conclusory," as PolyOne argues, but only characterized one statement as such.  (Dkt. 76 at 10, n.2.)  A review of both declarations refutes PolyOne's argument that they were conclusory in their entirety.  (Dkt. 58-2, 68-6.)

---

[12] *See* Matthew Bultman, *Has Rule 36 Peaked At The Federal Circuit?*, Law360, Feb. 20, 2018, https://www.law360.com/articles/1013664.

[13] *See* Federal Circuit website, http://www.cafc.uscourts.gov/; Ex. G (listing decisions from 2018). For 2018, only substantive decisions on the merits of appeals from final judgments were included.  Errata and orders issued by the Federal Circuit were not included in the calculation.

At page 9 of its brief, PolyOne quotes out of context from the oral argument where it argues that counsel for ASI stated "Fair enough, Your Honor" but omitted what followed:

> Fair enough, Your Honor. But what does GM4348M evidence? It evidences that there were four commercially-available instruments for measuring DOI, and each of those used a different method. There is no evidence in this record that there was any other commercially-available instrument that was used to measure DOI at the time of the invention. So how -- what -- did a person of ordinary skill in the art care about what method was used to measure DOI? There's really no evidence of that. GM4348M says --
>
> THE COURT: No evidence that someone would care which method would use?
>
> MR. COHEN: They care what instrument.

(Ex. H, Full Oral Argument Transcript, Tr. 5: 5-17.)  And later, counsel for ASI quoted from paragraphs 12 and 13 of the rebuttal declaration of ASI's expert, which explained that a POSA "would have used any of approved instruments in GM4348M" because "any of the instruments listed in G4348M(sic) was acceptable to GM and other automobile manufacturers.  (Ex. H at Tr. 19:1-21.)  General Motors' DOI standards were relevant because (1) PolyOne did not dispute that a POSA "would have been able to understand the relevant requirements and specifications of the auto industry for which parts made in accordance with the claims of the '902 and '906 patents were made" (Dkt at 58-1 ¶6), and (2) PolyOne cited GM standards as DOI measurement standards in its reexam requests.  (Ex. A at JA007856; Ex. B at JA003141.)

There is also no merit to PolyOne's argument regarding ASI's petition for rehearing en banc.  PolyOne incurred no additional expense because it was not permitted to file a response. FED. R. APP. P. 35(e), 40(a)(3).[14]

---

[14] The petition raised an important Seventh Amendment issue, supported by Supreme Court precedent. (Ex. I.)  In *Oil States Energy Services, LLC v. Greene's Energy Group, LLC,* 138 S. Ct. 1365, 1372 (2018), the Supreme Court granted certiorari from a Rule 36 judgment, 639 Fed. Appx. 639 (2016), to review an Article III and Seventh Amendment issue.

E.      **ASI's Proposed Gravelometer Construction Does Not Support PolyOne's Motion**

This Court did not address PolyOne's gravelometer arguments in its claim construction decision.  Nor do those arguments provide any basis for PolyOne's motion.  In *Sonix*, the court refused to address arguments in a fee motion that it had not addressed in granting summary judgment of indefiniteness. 2016 U.S. Dist. LEXIS at 51856 at *10 (N.D. Ill. 2016).

PolyOne is wrong when it argues that ASI withheld relevant evidence.  (Dkt.92-1 at 10.) ASI produced the document PolyOne complains of as part of a rolling production.  The document was irrelevant because it post-dated the filing of ASI's provisional patent application. PolyOne's characterization of this document's relevancy is based on its argument that ASI was not entitled to the filing date of its provisional application.  However, the provisional application claimed the gravelometer limitation, so ASI was entitled to its filing date.  (Ex. L at pp. 14, 37, 39; 35 U.S.C. § 119(e)(1)); *see Dynamic Drinkware, LLC v. Nat'l Graphics, Inc.*, 800 F.3d 1375, 1378 (Fed. Cir. 2015). Thus, the document is irrelevant.  (*See* Dkt. 76 at 12, n.6.)  Had PolyOne believed this document was relevant, it could have filed a motion to supplement its brief.  (*See* Dkt. 73.)

There is also no merit to PolyOne's argument that ASI "reverse engineered its gravelometer claim construction."  As ASI explained in its responsive claim construction brief, GM9508P instructs "determine the degree of chipping," not other types of damage.  (*See* Dkt. 68 at 5-8, 10-11.)  Moreover, GM4348M defines "chips" as "[r]emoval of coating from underlying coating of substrate in small irregular pieces," which excludes "mars, scuffs, and dents" (Ex. F at JA007189), thus contradicting PolyOne's argument at page 12.

GMW14650 was not "new evidence."  PolyOne was on notice of GMW14650 because ASI's expert referred to GMW14650 in his rebuttal expert report and because ASI sent a copy of

13

GMW14650 to PolyOne's counsel in the same email to which the rebuttal expert report was attached.  (Dkt. 72 at 2.)

ASI's patents refute PolyOne's argument that "the Asserted Patents did not indicate what constituted a passing gravelometer score."  (Dkt. 80-1 at p. 12, n.7.)  Table 2 of the patents-in-suit includes a column labeled "Pass/Fail Criteria," and the metric for the gravelometer test is "7 or greater."  (Dkt. 69-1 at JA000017.)  Other entries for the gravelometer test in that table also show failure due to delamination and cracking.  *Id.*  That was the basis for ASI's claim construction, and it never wavered.

### F.    ASI Conducted An Adequate Pre-Filing Investigation

There is a "presumption that an assertion of infringement of a duly granted patent is made in good faith." *Checkpoint Sys., Inc.*, 858 F.3d at 1376. Where, as here, the information regarding infringement is in the hands of the defendant and not available to the plaintiff except through discovery, a plaintiff is entitled to resort to the discovery process for proof of infringement. *E.g., Hoffmann-La Roche Inc. v. Invamed Inc.*, 213 F.3d 1359 (Fed. Cir., 2000); *see also, Sonix*, 2016 U.S. Dist. LEXIS 51856 at *10-11 (N.D. Ill. 2016).  Because the accused products were made-to-order for PolyOne's customers, ASI was not able to purchase them on the open market (Dkt. 16-6.), but managed to obtain the Spartech Samples from a third party, which it was reluctant to give to PolyOne based on well-founded chain of custody concerns.  *United States v. Levy*, 904 F.2d 1026, 1030 (6th Cir.1990), *cert. denied*, 498 U.S. 1091 (1991).

PolyOne's argument that ASI filed an "unsupported complaint" is belied by (1) the infringement contentions ASI served with its complaint, and (2) ASI's testing of the 2012 Spartech Samples.  ASI is aware of no case, and PolyOne cites to none, in which a court has found a pre-filing investigation inadequate where, as here, independent tests of the accused product evidenced infringement.  (Ex. C.)  There is no merit to PolyOne's argument that ASI

14

amended its complaint on December 14, 2016 (Dkt. 54) to drop references to the Spartech Samples obtained in 2012.  ASI did so *after* it had tested samples PolyOne produced in discovery in November 2016.  (Br. at 14.)  PolyOne's reference to its motion to strike ASI's infringement contentions (Dkt. 14-1), which this Court did not grant, does not support its motion.  (Br. at 13).

ASI did not "refuse" to test the samples PolyOne produced in discovery, as PolyOne argues on page 14.  Rather, ASI requested an extension of time because by October 2016, PolyOne had not produced documents sufficient to identify the samples PolyOne produced, which were due on May 23, 2016.  (Dkt. 40; Ex. J; *Joint Status Report for October 20, 2016 Status Conference* at 2-4.)  Pursuant to this Court's order, ASI timely tested those samples and the testing provided evidence of infringement. (Ex. D)

There is no merit to PolyOne's contention that "ASI concocted a story about Spartech taking ASI's confidential information during a 2009 visit to ASI's facilities."  (Dkt. 80-1 at 13-14.)  PolyOne admitted that "Spartech entered into a two-way Master Secrecy Agreement with ASI dated October 16, 2009, and that Spartech employees visited ASI's facility for purposes of evaluating the potential purchase of used manufacturing equipment from ASI."  (Dkt. 38, ¶ 13.)  After PolyOne produced documents relating to the Spartech visit, ASI withdrew its trade secrets claim, thus streamlining the case.  *See Hoffmann-LaRoche,* 213 F.3d 1359 (Fed. Cir., 2000)*.*  ASI's prompt amendment of the pleadings based on information it learned during discovery demonstrates that ASI has acted reasonably.

### III.  CONCLUSION

For the reasons set forth above, there is no basis for PolyOne's motion for attorneys' fees.  PolyOne's motion should be denied.

Dated: June 27, 2018                              Respectfully submitted,


                                         /s/ Eric C. Cohen
                                   Eric C. Cohen
                                   Mark H. Remus
                                   Brinks Gilson & Lione
                                   NBC Tower – Suite 3600
                                   455 N. Cityfront Plaza Drive
                                   Chicago, IL 60611
                                   Phone (312) 321-4224
                                   Facsimile (312) 321-4299
                                   eccohen@brinksgilson.com
                                   mremus@brinksgilson.com

                                   Mark J. Skakun
                                   Justin S. Greenfelder
                                   Buckingham, Doolittle & Burroughs, LLC
                                   4518 Fulton Drive NW, Suite 200
                                   Canton, OH 44735-5548
                                   Phone (330) 491-5319
                                   Facsimile (330) 252-5422
                                   mskakun@bdblaw.com
                                   jgreenfelder@bdblaw.com


                                   Attorneys for Plaintiff A. Schulman, Inc.

CERTIFICATE OF SERVICE

The undersigned certifies that on June 27, 2017, a copy of the foregoing was served via email on

counsel of record for Defendants.

/s/ Eric C. Cohen
Eric C. Cohen (admitted pro hac vice)


CT2:753941_v2

17