UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **A. Schulman, Inc.,** | ) | **CASE NO. 1:15 CV 1760** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **Polyone Corporation, et al.,** | ) | <u>**Order**</u> |
| | ) | |
| **Defendant.** | ) | |

**<u>INTRODUCTION</u>**

This matter is before the Court upon A. Schulman, Inc.'s Motion to Review Costs Taxed by the Clerk (Doc. 89). For the reasons that follow, the motion is GRANTED in PART and DENIED in PART. Defendants Polyone Corporation and Spartch LLC (collectively, "defendant") are entitled to costs as follows: $170.00 for the costs for service of the summons; $475 for deposition and court reporter costs; and $4,011.39 for costs incurred pursuant to Section 1920(4). Thus, defendant is entitled to costs in the total amount of $4,656.39. The Court finds that the remainder of the costs defendant seeks are not taxable.

**ANALYSIS**

Defendant is the prevailing party in this matter.  Defendant submitted a bill of costs in the amount of $60,637.97.  This amount is itemized as follows: $170.00 for fees for service of summons and subpoena; $879.25 for fees for printed or electronically recorded transcripts; and $59,588.72 for fees for exemplification and the costs of making copies.  The Clerk of Court taxed these amounts as costs and plaintiff filed a timely motion requesting that the Court review the amounts taxed.

Pursuant to Rule 54(d)(1), costs should be allowed to the prevailing party "unless a federal statute, the [Federal Rules of Civil Procedure], or a court order provide otherwise."  28 U.S.C. § 1920 outlines items that may be taxed as costs:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under [28 U.S.C. § 1923];
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under [28 U.S.C. § 1828].

Although this is a patent case, Sixth Circuit law applies in determining whether costs are properly taxable.  *CBT Flint Partners, LLC v. Return Path, Inc.*, 737 F.3d 1320, 1325 (Fed. Cir. 2013).  "[A]bsent explicit statutory or contractual authorization for the taxation of [] expenses, ...federal courts are bound by the limitations set out in 28 U.S.C. § [] 1920."  *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987).  The Supreme Court has held that Congress

intended to place "rigid controls on cost-shifting in federal courts." *Id*. at 444.  Thus,

> Taxable costs are limited to relatively minor, incidental expenses as is evident from § 1920, which lists such items as clerk fees, court reporter fees, expenses for printing and witnesses, expenses for exemplification and copies, docket fees, and compensation of court-appointed experts. Indeed, the assessment of costs most often is merely a clerical matter that can be done by the court clerk.

*Taniguchi v. Kan Pacific Saipan, Ltd.*, 566 U.S. 560, 573 (2012).

Subject to a proper interpretation of Section 1920, a district court's decision to award costs is reviewed for an abuse of discretion.  With these standards in mind, the Court turns to the parties' arguments regarding each of the three categories of costs at issue.

1. Costs for service of summons and subpoena

Plaintiff does not object to the imposition of $170.00 for the costs for service of the summons.  Accordingly, the Clerk of Courts properly taxed this amount as costs.

2. Transcript costs

Defendant seeks $879.25 for the deposition of Douglas Leggat of Ghesquiere Plastic Testing.  According to plaintiff, defendant is entitled to only $475 for the cost of the transcript and the reporter appearance fee.  The remaining charges are for five day delivery, a rough transcript, and scanned and hyperlinked exhibits.  Plaintiff claims that these costs were incurred solely for the convenience of counsel.   Upon review, the Court agrees with plaintiff.  Pursuant to Section 1920(2), "fees for printed or electronically recorded transcripts necessarily obtained for use in the case" are recoverable.  Although costs for "rush or rough" copies may arguably be recoverable when the timing of the matter dictates that they are "necessary," the Court does not find that to be the case here.  Defendant took Leggat's deposition on January 11, 2017, and opening claim construction briefs were not due until February 6, 2017.  The Court does not find

that this timing was such that expedited transcripts and rough copies were necessary.  Nor does defendant make any argument with respect to the costs for scanning and hyperlinking exhibits.  Accordingly, defendant is entitled to recover $475 for the costs of obtaining Leggat's transcript and the associated court reporter fee.

    3.  Copies

Pursuant to Section 1920(4), defendant seeks $59,588.72, which it claims represents "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." Of this amount, $58,416.09 represents costs incurred in producing electronically stored information ("ESI") and $1,172.63 is for costs incurred in obtaining articles and standards.

    A.  ESI

With regard to ESI costs, defendant attaches invoices from two vendors.   One invoice in particular represents the large majority of the costs at issue and is for $43,146.00.  The invoice identifies the services provided as "data processing for native file review" and "data ingestion and culling."  In addition, the "technical time" entry shows that 12.5 hours of technical time was provided for: "configure Relativity culling platform," "copy, ingest, and process collected data," "segregate data with errors," "import processed data into Relativity culling platform," "conduct searches of privilege terms, and segregate records," "conduct searches of [plaintiff's] terms on [defendant's] data," "batch records review by O&C attorneys," "provide remote training to O&C review attorneys."

Upon review, the Court finds that these charges are not recoverable under Section 1920(4) because they are not "fees for exemplification and the cost of making copies."

4

Activities such as data ingestion and culling, searching for privilege terms, segregating records[1], and providing training to attorneys are not fairly considered to be costs of making copies. Rather, those costs are more appropriately considered "costs incurred in *preparing* to copy." The Court finds that these costs are akin to the pre-ESI activities of gathering and reviewing hard copy documents in preparation of responding to discovery. *See, CBT Flint, LLC v. Return Path, Inc.*, 737 F.3d 1320 (Fed. Cir. 2013)("stage two" costs, including indexing, decrypting, deduplicating, filtering, analyzing, and searching for privilege documents are not recoverable as costs).  To hold otherwise would essentially shift the entire cost of the document discovery process simply because discovery is routinely electronic in nature.  The statute, however, plainly does not go this far.  Rather, even in this electronic age, the statute continues to limit recoverable costs to "fees for exemplification and the costs of making copies."  Any reasonable interpretation of Section 1920(4) would exclude items such as searching for privileged documents or training attorneys.

      The Court further agrees with plaintiff that the costs of database hosting are not recoverable.  As an initial matter, these ongoing activities are simply not costs associated with "exemplification" or  "making copies."  Defendant argues that database hosting spares significant copying costs and should therefore be recoverable.  The Court disagrees.  Again, this Court is charged with interpreting the statute as drafted by Congress.  The statute does not provide for the recovery of costs incurred in performing activities *in lieu* of making copies. This is so even if significant copying costs would have been incurred absent the database hosting.

---

[1]     Defendant does not argue that this "segregating" of data is equivalent to the creation of "load files," which the Federal Circuit deemed covered by Section 1920(4).

The Court acknowledges that defendant's argument has great practical appeal. But, this Court is bound to interpret the statute as written. And it simply does not provide for the recovery of these costs. Alternatively, to the extent continuous database hosting could be considered to be a cost of "exemplification" or "making copies," these costs are not copies "necessarily obtained for use in the case." Rather, they are incurred for the sake of convenience.

Defendant relies on the Sixth Circuit's decision in *Colosi v. Jones Lang LaSalle Americas, Inc*., 781 F.3d 293 (6th Cir. 2015). There, the Court rejected the "restrictive" view of the Third Circuit in *Race Tires America, Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 166 (3d Cir. 2012). In *Race Tires*, "only converting responsive documents to an agreed-upon format and burning those files onto a DVD were similar enough to the pre-digital act of photocopying to be the 'functional equivalent of making copies.'" *Colosi*, 674 F.3d at 297 (*quoting Race Tires*, 674 F.3d at 171 & n.11). At issue in *Colosi*, however, was whether the costs associated with imaging a hard drive were recoverable under Section 1920(4). The case did not address whether, in essence, all costs associated with ESI should be recoverable. Although *Colosi* recognized that *Race Tires* "rightly" worried about awarding costs for "expansive" ESI discovery procedures, it indicated that those concerns are more properly addressed through the second prong of Section 1920(4), *i.e.*, whether the prevailing party necessarily incurred its copies for use in the case. In doing so, the Sixth Circuit noted that *Race Tires* did not allow the prevailing party to recover costs for imaging a hard drive because the image was made for the convenience of counsel. As such, it was not a cost necessarily incurred in making copies. The Sixth Circuit supported its analysis of *Race Tires* by noting that *Race Tires* concluded that the imaging of the hard drive was to enable counsel to "search, cull, and deduplicate," which were not recoverable costs.

6

Thus, the Court does not read *Colosi* as broadly as plaintiff suggests. Rather, the court addressed only whether the costs of "imaging" a hard drive are recoverable. In *Colosi*, the cost was incurred as a result of plaintiff's decision to turn over only her computer, which forced defendant to image the hard drive. The court found that it was not incurred for the convenience of counsel. The court simply did not address whether ESI costs for items such as segregating data with errors, conducting searches for privilege terms, providing training to attorneys, or continuous hosting of databases are recoverable. Accordingly, the Court does not find that anything in *Colosi* is inconsistent with this Court's analysis.

Defendant also claims that its ESI costs are recoverable because it produced ESI in a manner consistent with the parties' ESI agreement. The Court disagrees. By way of example, an ESI agreement might dictate that certain costs incurred in extracting metadata or converting information into a specific format may constitute costs of "making copies" under Section 1920(4). It does not, however, transform every single act undertaken pursuant to such an agreement into a taxable cost. Although defendant purports to rely on the ESI agreement in response to plaintiff's argument that certain costs are not taxable, defendant does not cite to any specific provision of that document in support of its argument.[2] Rather, defendant generically argues that the ESI agreement renders all costs recoverable. The Court rejects this argument.

---

[2] Defendant does cite to a provision of the ESI agreement directed at scanning. Defendant notes that it produced documents P0011172-0013709 and as such, scanning costs are recoverable. The Court agrees that scanning costs are part and parcel to making copies and, therefore, are recoverable under Section 1920(4). As plaintiff notes, however, only a fraction of the scanning costs were incurred for documents actually produced. Accordingly, the Court will reduce the amount requested to $652.89.

7

Nothing in the agreement shifts all costs of complying with e-discovery to the prevailing party.

Defendant relies on *Deere & Co. v. Duroc LLC*, 650 Fed. Appx. 779 (Fed. Cir. 2016) in support of its position.  There, the court simply concluded that a district court that did not separate out activities into "actually copying and producing in the required format" versus "preparing documents for copying and production in the agreed format" did not abuse its discretion.  The court reiterated, however, that these two categories exist and, generally speaking, only costs falling under the first category are recoverable.  Costs falling under the second category are considered 'ancillary.'  *Id*. at 782.  Here, the only cost specifically discussed by defendant as it pertains to the ESI agreement are costs for "ingestion and culling."  Again, defendant cites no provision of the ESI agreement directed at these activities.   But, regardless, the Court finds that these activities more properly fall within the category of "preparing" because they are akin to collecting and sorting data and, as such, the Court in its discretion declines to aware them to defendant.

Having addressed the parties' arguments in general, the Court will turn to the specific costs sought by defendant.  Although somewhat repetitive, the Court will address each invoice separately for the sake of clarity.

PAGE ID 2633-2634

This invoice is for data collection, remote data collection, hard drive, and shipping.

 The supporting analysis describes items such as "call with counsel to discuss pre-collection strategy and meet with counsel to discuss next steps for collection."  The Court finds that these costs are not recoverable.  Costs such as preparation and collection, which include meetings with attorneys, as well as shipping costs, are not costs for exemplification or making

8

copies.  Rather, these costs are more akin to preparing to copy materials.

<u>PAGE ID 2635</u>

This invoice covers the forensic copying of a flash drive.  The Court finds that this cost is the cost of making copies of materials and is therefore recoverable under Section 1920(4).  Plaintiff makes no argument that the costs of making this copy were not necessarily incurred for use in this case.  Accordingly, defendant is entitled to $712.50

<u>PAGE ID 2636</u>

This invoice covers scanning, which the Court addressed above in footnote two.  Defendant is entitled to $652.89.

<u>PAGE ID 2637-2638</u>

These invoices are for forensic copies of hard drives.  As with PAGE ID 2635, the Court finds that these charges are taxable as costs.  Therefore, defendant is entitled to $343.75 for PAGE ID 2637 and $343.75 for PAGE ID 2638.

<u>PAGE ID 2639-2640</u>

This invoice is for similar charges set forth in PAGE ID 2633-2634.  For those same reasons, these costs are not taxable.

<u>PAGE ID 2641-2642</u>

This is the $43,146.00 invoice that the Court discussed above at length.  Defendant is not entitled to these amounts.

<u>PAGE ID 2643-2644</u>

These invoices are for database hosting, which the Court concluded are not taxable.

<u>PAGE ID 2645</u>

This invoice is for a telephone conference with attorneys concerning the document production.  In addition, it identifies "batch records in Relativity for review by...attorneys."  The Court finds that these are ancillary costs and are, therefore, not taxable.

PAGE ID 2646

This invoice is for production preparation, as well as TIFF conversion and black and white bates endorsing.  These costs total $902.50.  Plaintiff acknowledges that these charges are taxable because they are costs associated with producing documents in a specific format and the invoice further identifies that the electronic documents were labeled and actually produced during discovery.  Accordingly, defendant is entitled to $902.50.  The remaining charges, *i.e.*, hard drive and database administration are not taxable.

PAGE ID 2647-2648

These invoices are for database hosting, which the Court concluded are not taxable.

PAGE ID 2649

This invoice is for production preparation, as well as TIFF conversion and black and white bates endorsing.  These costs total $418.50 and are recoverable for the same reasons set forth in connection with PAGE ID 2646.  The remaining costs for "database administration" are not.

PAGE ID 2650

This invoice is for "batch records in Relativity for review by...attorneys."  The Court finds that this charge is not taxable because it relates to preparation activities as opposed to copying activities.  There is no indication these electronic documents were produced in this matter.

PAGE ID 2651

This invoice is for production preparation, as well as TIFF conversion and black and white bates endorsing.  These costs total $361.00 and are recoverable for the same reasons set forth in connection with PAGE ID 2646.  The remaining costs for "database administration" are not.

PAGE ID 2652

This invoice is for production preparation, as well as TIFF conversion and black and white bates endorsing.  These costs total $350.50 and are recoverable for the same reasons set forth in connection with PAGE ID 2646.  The remaining costs for "database administration" are not.

PAGE ID 2653

This invoice is for production preparation, as well as TIFF conversion and black and white bates endorsing.  These costs total $269.75 and are recoverable for the same reasons set forth in connection with PAGE ID 2646.  The remaining costs for "database administration" are not.

PAGE ID 2654

These invoices are for database hosting, which the Court concluded are not taxable.

Based on the foregoing, the Court finds that the following ESI amounts are properly taxable as costs under Section 1920(4):

| INVOICE | Amount |
| --- | --- |
| PAGE ID 2635 | $712.50 |

| | |
|---|---|
| PAGE ID 2636 | $652.89 |
| PAGE ID 2637-2638 | $343.75 |
| PAGE ID 2646 | $902.50 |
| PAGE ID 2649 | $418.50 |
| PAGE ID 2651 | $361.00 |
| PAGE ID 2652 | $350.50 |
| PAGE ID 2653 | $269.75 |
| TOTAL | $4,011.39 |

B.  Articles and standards

Defendant seeks to recover $1,172.63 for copies of certain articles, as well as technical standards it purchased in connection with this case.  Plaintiff objects on the basis that defendant does not attach the invoices from the vendors.  In addition, plaintiff notes that it produced many of these standards during discovery and further argues that the standards are publically available for free.  In response, defendant argues that it needed the standards for use in this case and, in fact, relied on many of them.  Defendant also notes that certain courts have allowed for the recovery of costs associated with obtaining copies of trademarks where the law requires a claimant to show that the trademark is "currently valid and in good standing."  Defendant does not respond to plaintiff's argument that it produced many of the standards and that they are generally available on public websites.  Upon review, the Court declines to award defendant costs for obtaining copies of articles and standards.  The Court finds these items significantly different from certified copies of trademark registrations.  The articles and standards, many of which plaintiff claims it produced or are available for free, are not certified or otherwise required

12

to be purchased.  Moreover, plaintiff notes that defendant does not provide the invoices from the vendor itself.  Instead, defendant provides its attorneys' bills, which identify charges for these purchases.  Included in the attorneys' invoices, however, are three invoices for "charges for monitoring electronic court records."  The Court fails to see how these charges are in any way recoverable as costs of making copies. On the whole, the Court declines to award the costs represented on defendant's attorney invoices.

## **CONCLUSION**

For the foregoing reasons, A. Schulman, Inc.'s Motion to Review Costs Taxed by the Clerk (Doc. 89) is GRANTED in PART and DENIED in PART.  Defendant is entitled to costs as follows: $170.00 for the costs for service of the summons; $475 for deposition and court reporter costs; and $4,011.39 for costs incurred pursuant to Section 1920(4).  Thus, defendant is entitled to costs in the total amount of $4,656.39.  The Court finds that the remainder of the costs defendant seeks are not taxable.

IT IS SO ORDERED.

                                             /s/ Patricia A. Gaughan
                                            PATRICIA A. GAUGHAN
                                            United States District Judge
                                            Chief Judge

Dated: 8/15/18